464 So.2d 430 (1985)
STATE of Louisiana
v.
Michael RICHMOND.
No. KW(A) 84 0716.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
Writ Denied April 19, 1985.
*431 Ronald J. Brumfield, Asst. Dist. Atty., Franklinton, for State, plaintiff and appellee.
Archie Perry, Bogalusa, for defendant and appellant.
Before COLE, CARTER and LANIER, JJ.
LANIER, Judge.
Defendant, Michael Richmond, was charged in a bill of information with two counts of possession of marijuana in violation of La.R.S. 40:966(C).[1] He pled not *432 guilty, and, after a bench trial, he was found guilty as charged. On each count, the district judge sentenced him to pay $300 plus costs or serve ninety days in the parish jail.[2] Defendant appealed his convictions.[3]

FACTS
On the evening of October 17, 1983, Bogalusa City Court Judge Jim Richardson received a call from a friend of the defendant asking him to contact defendant, who was in jail. Judge Richardson went to the parish prison and talked to defendant. He then took defendant to the Bogalusa Community Medical Center emergency room to be examined by Dr. Gilbert E. Caillouet because he was concerned with defendant's emotional and mental condition. After the exam was completed, Judge Richardson instructed the jailers to release defendant on his own recognizance and took defendant back to the motel (Sportsman's Inn) where he was staying.
The following day at City Hall, Judge Richardson was involved in conversation with Captain Dorman Pritchard of the Bogalusa Police Department. Judge Richardson advised Captain Pritchard that defendant told him he was using drugs and had drugs in his motel room at the Sportsman's Inn and that Dr. Caillouet overheard part of this conversation. Based on Judge Richardson's statements, Captain Pritchard executed an affidavit upon which a district judge issued a search warrant for defendant's motel room at the Sportsman's Inn. The search was conducted that same day, and the following items were seized: (1) six butts believed to be marijuana; (2) one straw; (3) one bottle containing pink pills; and (4) one razor blade with "cocaine" inscribed.
After talking with Captain Pritchard, Judge Richardson learned that defendant was again in police custody. Judge Richardson took defendant from the jail to the mental health clinic where defendant was examined. He then took defendant to Dr. Newman's office where he called the police and asked them to pick up defendant and take him back to the mental health clinic. An altercation occurred and defendant was taken back to the mental health clinic under restraint. Dr. Devillier conducted a second examination on defendant and ordered him hospitalized at Mandeville.
Later that same day, Judge Richardson spoke with Detective Mike Edwards of the Bogalusa Police Department Narcotics Division. Detective Edwards had participated in the search of defendant's motel room earlier that day and he mentioned this to Judge Richardson. Judge Richardson then told Detective Edwards that "if they didn't find it [drugs] in the motel room, they would find it in the car, because he had his stuff in both the car and the motel room."
Based on this information from Judge Richardson, Detective Edwards executed an affidavit upon which a second district judge issued a search warrant for defendant's automobile. The search was conducted that same day, and the following items were seized: (1) one black case with red roach clip and one roach; (2) one black film box containing 4 roaches; (3) one empty pill bottle containing white powder residue; (4) one Freeze rock containing a partial roach; and (5) one smoking pipe.
The evidence was sent to the Louisiana State Police Crime Laboratory for analysis. When the results were received, defendant *433 was placed under arrest for possession of marijuana.

VALIDITY OF SEARCHES
Defendant contends the two search warrants were invalid because of deficiencies in the affidavits on which they were based. More specifically, defendant argues that misstatements were made by the affiants. The State contends the affidavits were sufficient to provide probable cause for issuance of the search warrants, considering the totality of the circumstances. Alternatively, the State contends that even if the search warrants were invalid, the evidence seized was admissible under the "good faith" exception to the exclusionary rule established in United States v. Leon, ___ U.S. ___, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
The affidavit by Captain Pritchard supporting the search warrant issued for defendant's motel room (# 232) contained the following information:
On this date, Capt. Pritchard was told by City Judge Jim Warren Richardson and also by Dr. G.E. Cailloet that Michael Richmond had made the statement to them that he had in his motel room at The Sportsman's Inn a large amount of Marijuana and Cocaine. These informants are known well by Capt. Pritchard and are known to be very reliable, and are upstanding citizens in the community.
The affidavit for the search warrant issued for defendant's automobile (blue 1981 Toyota with license # 161L645) by Detective Mike Edwards contained the following information:
On this date, Det. Mike Edwards received information from City Judge Jim Richardson that Michael Richmond made the statement to him that he had a quantity of Marijuana and cocaine in the vehicle that belonged to Michael Richmond. The Blue Toyota. This informant is well known by Det. Mike Edwards and is known to be very reliable and upstanding citizen of the community.
The issue at a suppression hearing is whether the affiant was truthful, not whether the informant was truthful, because if the informant lied, but the officer reasonably believed him, it cannot be said that the officer acted without probable cause. State v. Mosley, 412 So.2d 527 (La. 1982). In making such a determination, the credibility of the affiant's informant may not be attacked; however, the credibility of the affiant himself may be traversed on a proper showing of a genuine issue of the affiant's veracity supported by convincing allegations of fact which, if proven, would establish the falsity of the affidavit. State v. Paster, 373 So.2d 170 (La.1979). If inaccurate statements are unintentionally made by the affiant in the affidavit, the preferred approach is to excise the inaccurate statements and then examine the residue to determine if it supports a finding of probable cause. State v. Rey, 351 So.2d 489 (La.1977); State v. Howard, 448 So.2d 150 (La.App. 1st Cir.1984), writ denied, 449 So.2d 1355 (La.1984). The two affidavits must be examined in accordance with these legal precepts.
At the hearing on the motion to suppress, Dr. Gilbert E. Caillouet testified the defendant made certain statements concerning drugs while he was examining defendant. In particular, the defendant told Dr. Caillouet he had marijuana and very good cocaine that night, but was out of cocaine. However, Dr. Caillouet never spoke to either Captain Pritchard or Detective Edwards concerning defendant's statements. Judge Richardson was present for portions of the examination.
Judge Richardson testified the defendant made statements concerning drugs directly to him and to Dr. Caillouet which he overheard. From these conversations, Judge Richardson was under the impression and thought the defendant said he had marijuana and cocaine in his motel room and car. He specifically recalled the defendant saying he had "good high grade cocaine and marijuana at his hotelat his motel room." Everything he reported to the police was derived from defendant's actual words, from being with defendant and from his *434 impressions of defendant. Further, Judge Richardson testified the statements attributed to him and contained in the affidavits were correct recitations of what he told Captain Pritchard and Detective Edwards.
Defendant testified and specifically denied talking to Dr. Caillouet or Judge Richardson about his use or possession of marijuana or cocaine.
Captain Pritchard and Detective Edwards testified the statements attributable to Judge Richardson contained in the affidavits were correct recitations of what was told them by Judge Richardson.
At the conclusion of the hearing on the motion to suppress, the trial judge excised the information attributed to Dr. Caillouet in Pritchard's affidavit but concluded this inaccurate statement was made unintentionally. The trial judge correctly excised the inaccurate statement concerning information allegedly derived from Dr. Caillouet and his ruling that this misrepresentation was unintentional is correct. The affiants, Captain Pritchard and Detective Edwards, accurately recited in their affidavits the information given to them by Judge Richardson.
The trial judge ultimately concluded the affidavits provided sufficient information establishing probable cause for the issuance of the search warrants. In State v. Manso, 449 So.2d 480, 481-482 (La.1984), the Louisiana Supreme Court addressed the issue of whether an affidavit supporting the issuance of a search warrant sets forth facts demonstrating probable cause as follows:
Constitutional provisions insure a person from an unreasonable search and seizure of his house, papers and effects. No such search or seizure shall be made except upon a warrant issued upon probable cause, supported by an oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized. U.S. Const.Amend. IV; La. Const. art. 1, § 5. Comformably, our Code of Criminal Procedure in art. 162 provides in pertinent part:
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.
We have held that probable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient to justify a man of reasonable caution to believe that an offense has been committed. The judicial officer must be supplied with enough information to support an independent judgment that probable cause exists for the issuance of a warrant. State v. Hughes, 433 So.2d 88 (La.1983); State v. Mena, 399 So.2d 149 (La.1981).
Prior to the United States Supreme Court's decision in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), courts mechanically followed the "two-pronged" test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), to determine whether an affidavit containing hearsay has established probable cause. Under this test, the affiant was required to articulate facts relating to the informant's "basis of knowledge" and his "veracity" or "reliability." In Gates, supra, the United States Supreme Court abandoned an inflexible application of this test in favor of a "totality of the circumstances analysis." However, although the informant's "veracity" or "reliability" and his "basis of knowledge" are no longer controlling, they are still relevant factors in the totality of the circumstances examination. The Court summarized its holding as follows:
[W]e conclude that it is wiser to abandon the "two-pronged test".... In its place we reaffirm the totality of the circumstances analysis that traditionally has informed probable cause determinations.... The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in *435 the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband ... will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclu[ding] that probable cause existed."
In addition, the Court reaffirmed its policy on review of search warrant affidavits. It stated that in light of the fact that affidavits "are normally drafted by nonlawyers in the midst and haste of a criminal investigation [, t]echnical requirements of elaborate specificity ... have no proper place." Also, "a magistrate's determination of probable cause should be paid great deference by reviewing courts."
In the present case, the affidavits (after excision) are based solely on information provided by Judge Richardson. Anyone who gives information to police may be called an "informant". State v. Morris, 444 So.2d 1200 (La.1984). However, Judge Richardson was not a confidential informer; he was, instead, a named (or citizen) informer. A distinction is drawn between a confidential informer and a citizen informer. When information is provided by an anonymous person who "tips" police to criminal conduct, there must be some specific showing he is a credible person and his information is reliable. In contrast, citizen informers who are willing to be identified and who purport to have firsthand knowledge carry a high indicia of credibility and reliability in the determination of probable cause. Morris, 444 So.2d at 1203; State v. Lehnen, 403 So.2d 683 (La.1981). Therefore, the citizen informer is generally a presumptively inherently credible source, unless circumstances exist to indicate otherwise. Morris, 444 So.2d at 1203; State v. Mosley, 412 So.2d at 530.
The affidavits show the informer, Judge Richardson, voluntarily identified himself and gave the police information. The basis of his knowledge is credible since his information was received through incriminating and adverse admissions made by the defendant to him or in his presence. Compare, State v. Searle, 339 So.2d 1194 (La.1976). Further, his official position as City Judge creates a trustworthy motive for his divulgence of this information and also reinforces his reliability. Therefore, considering the totality of the circumstances, we find that the affidavits provided probable cause for the issuance of the search warrants.[4]
This assignment of error is without merit.

REHEARING OF MOTION TO SUPPRESS
Defendant contends the trial court erred in refusing to allow him to reurge his motion to suppress at the trial.
At the outset of the trial on the merits, counsel for defendant stated the following:
Your Honor, at this time, I would like to reurge my motion to suppress and also have all the witnesses sequestered and have a record made of the proceeding.
The judge overruled defendant's motion to suppress since it had been previously ruled upon, but made the testimony given at the hearing on the motion to suppress part of the record.
La.C.Cr.P. art. 703(F) provides that "[a] ruling prior to trial on the merits, upon a motion to suppress, is binding at the trial." (Emphasis added). This article has been interpreted as prohibiting both the State and the defendant from seeking a rehearing on a motion to suppress, prior to trial, in order to introduce new evidence once a trial court rules on the motion to suppress. State v. Thompson, 448 So.2d 666 (La.1984), rev'd on other grounds, ___ *436 U.S. ___, 105 S.Ct. 409, 83 L.Ed.2d 246 (1984); State v. Landry, 339 So.2d 8 (La. 1976). However, reargument and reconsideration, prior to trial, of defendant's motion to suppress upon the evidence previously introduced is allowed, but only sparingly and in limited instances. Thompson, 448 So.2d at 669. A trial court judge has much discretion in determining whether to reconsider a motion to suppress. The defendant has not demonstrated the trial judge abused that discretion in the instant case.
This assignment of error is without merit.

JUDGE RICHARDSON AS A WITNESS AT TRIAL
Defendant contends the trial court denied him his constitutional right to confront and cross-examine his accuser when it excused Judge Richardson's appearance at the trial.
At the beginning of the trial, the trial judge asked defendant what was the purpose of Judge Richardson's appearance at trial. Defense counsel informed the court he intended to reurge defendant's motion to suppress and show no real probable cause existed. At that point, counsel approached the bench and engaged in a discussion with the trial judge off the record. Defense counsel then attempted to reurge his motion to suppress which was disallowed by the trial judge.
There is no evidence of record to show Judge Richardson was subpoenaed to testify at trial. There was never any ruling by the trial judge excusing Judge Richardson from testifying. Further, the record does not show defendant attempted to call Judge Richardson as a witness. The trial judge did not abuse his discretion in refusing to reconsider the motion to suppress and Judge Richardson (according to counsel for the defendant) was being called for that motion, not for the trial on the merits. Finally, defendant failed to urge an objection that the trial judge improperly excused Judge Richardson as a witness.
Without a ruling by the trial judge actually excusing Judge Richardson or a contemporaneous objection to this ruling by defendant, this court has no authority to review this alleged error. La.C.Cr.P. art. 841.
This assignment of error is without merit.

DECREE
For the foregoing reasons, the convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] The offense was committed on October 18, 1983. La.C.Cr.P. art. 493.1 (enacted by Acts 1983, No. 149, § 1 and effective August 30, 1983) is applicable to the instant case and provides as follows:

Whenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than five hundred dollars, or both.
[2] Since the trial judge did not order the two sentences to be served consecutively, the sentences shall be served concurrently. La.C.Cr.P. art. 883. Therefore, the sentences imposed on defendant are not in violation of La.C.Cr.P. art. 493.1.
[3] Defendant's misdemeanor convictions are not appealable, and this appeal was converted, ex proprio motu, by this court into a writ of review. La. Const. art. V, § 10(A); La.C.Cr.P. arts. 493.1, 779 and 912.1(C).
[4] This court specifically ordered the parties to brief the issues of whether the Leon case was applicable to the facts of the instant case and the applicability of the Leon rationale under the Louisiana Constitution. After reviewing the record, we have determined the search warrants are valid, and, thus, Leon is not applicable.