GOTHARD, Judge.
Defendant, Christopher Blair Keife, convicted of possession of marijuana with intent to distribute in violation of LSA-R.S. 40:966, claims the trial court erred in denying his motion to suppress evidence.
FACTS
Defendant was arrested on February 26, 1986 while staying at Joseph Zinser’s residence at 920 Minor Street in Kenner, Louisiana. The arrest was made in connection with the issuance of a search warrant for that address. A large quantity of narcotics, including marijuana from defendant’s bedroom, was seized.
Prior to a plea of guilty, the defendant’s motion to suppress the seized evidence was denied by the trial judge. It is this denial which forms the basis of this appeal. See, State v. Crosby, 338 So.2d 584 (La.1976).
THE ISSUE
Defendant claims that the search warrant was issued without probable cause, and any evidence obtained under it must be excluded.
A search warrant may issue only upon probable cause established to the satisfaction of the judge by the affidavit of a credible person, reciting facts establishing the cause for the issuance of the warrant. LSA-C.Cr.P. art. 162. Probable cause exists when the totality of facts and circumstances set forth in the affidavit, including the “veracity” and “basis of knowledge” of persons supplying hearsay information, is sufficient to support a reasonable belief that an offense has been committed and evidence or contraband may be found at the place to be searched. State v. Bourg, 470 So.2d 291 (La.App. 5 Cir.1985), writ denied, 475 So.2d 354 (La.1985).
In the present case, the affidavit is based solely on information by one Robert Swinks. Anyone who gives information to police may be called an “informant.” State v. Morris, 444 So.2d 1200 (La.1984). However, Robert Swinks was not a confidential informer; he was, instead, a named (or citizen) informer. When information is *1116 provided by an anonymous person who “tips” police to criminal conduct, there must be some specific showing he is a credible person and his information is reliable. In contrast, citizen informers who are willing to be identified and who purport to have first hand knowledge carry a high indicia of credibility and reliability in the determination of probable cause. Morris, 444 So.2d at 1203. Therefore, the citizen informer is generally a presumptively inherently credible source, unless circumstances exist to indicate otherwise. Morris, 444 So.2d at 1203.
The affidavit shows the informer, Robert Swinks, voluntarily identified himself and gave the police information. The basis of his knowledge is credible since his information was received through first hand observation of the defendant’s transaction of four narcotics deals at the 920 Minor Street residence, and the one to take place which was aborted by execution of the instant search warrant.
Therefore, considering the totality of the circumstances, we find that the affidavit provided probable cause for the issuance of the search warrant. The motion to suppress was properly denied.
Having so concluded, we affirm the conviction and sentence.[1]
AFFIRMED.

. We note that defendant has inadvertently appealed from an acquittal of charges in case No. 86-KA-676 which we dismiss.