KNOLL, Judge.
Defendant, Alvin Mayes, was charged by bill of information with possession of cocaine with intent to distribute, a violation of LSA-R.S. 40:967A(1). Defendant pleaded guilty as charged, reserving his right pursuant to State v. Crosby, 338 So.2d 584 (La.1976), to appeal the trial court’s denial of his motion to suppress. The trial court sentenced defendant to serve five years at hard labor. Defendant appeals his conviction, relying on four assignments of error.
FACTS
During the evening of July 8, 1986, an individual telephoned Detective John C. Faglie of the Alexandria Metro Narcotics Squad, identified himself, and provided information that a black male by the name of A1 Mayes was in possession of cocaine in Room 143 of the Plantation Manor Motel in Alexandria. The individual further detailed to Officer Faglie that Mayes was from Florida, drove a blue Cadillac, bearing Florida license plates, which was parked in the motel parking lot a distance from the room Mayes occupied, and that he witnessed Mayes selling cocaine in the motel room Mayes rented.
Officer Faglie then commenced an investigation to gain additional facts to support the information that defendant was in possession of cocaine and was distributing it. On July 9, 1986, Officer Faglie began surveillance of the motel. He observed an automobile matching the description provided by the informant parked a distance from Room 143. During the surveillance, a black male was seen leaving Room 143, entering the blue Cadillac, and driving to *333 another motel where he spent approximately 15 minutes before driving to a local restaurant. The suspect then returned to the Plantation Manor Motel and parked his vehicle across the parking lot from his room. During his surveillance, Officer Faglie also learned from the desk clerk of the motel that defendant had rented another room at the motel, Room 103. Officer Faglie then contacted Florida police authorities, and was informed that defendant, the registered owner of the blue Cadillac, had a record sheet involving numerous narcotics violations.
Officer Faglie next prepared an affidavit in support of a search warrant containing the foregoing information, and a search warrant was executed on the afternoon of July 9, 1986.
AFFIDAVIT MISREPRESENTATIONS
Defendant contends that the search warrant should be quashed and the cocaine suppressed because the affidavit contains misrepresentations about the location of his automobile, whether he had prior narcotics’ convictions, and the characterization of the informant as a concerned citizen. Alternatively, defendant asserts that unintentional misrepresentations should he excised from the affidavit and the probable cause analysis be made on the reconstituted affidavit.
In State v. Rey, 351 So.2d 489, 492 (La.1977), the Louisiana Supreme Court stated:
“[W]hen faced with an affidavit containing inaccurate statements the preferred approach is to excise the inaccurate statements and then examine the residue to determine if it supports a finding of probable cause. If, however, the misrepresentations were intentionally made, a different result is required. Because these distorted statements constitute a fraud upon the courts and represent impermissible overreaching by the government, a warrant based on an affidavit containing intentional misrepresentations must be quashed.”
The first asserted misrepresentation relates to the location where defendant parked his automobile. The affidavit states the vehicle could be found parked “away from the room.”
After following the suspect, the investigating officer, according to the affidavit, observed the suspect park the vehicle “across the parking lot on the opposite side of the building where the room was located.” Defendant asserts that the affiant made an intentional misrepresentation by suggesting that the automobile was secreted behind the motel.
The testimony of Officer Faglie at the suppression hearing makes it clear that defendant’s automobile was parked across the parking lot away from the hotel room; particularly, his testimony placed the vehicle between two trucks with the trunk toward the building in such a way that the license plate could not be viewed from the parking lot. Accordingly, the suggestion that defendant parked his vehicle on the opposite side of the building is inaccurate. Nevertheless, the record does not support defendant’s allegation that this statement was an intentional falsehood. At another place in the affidavit, when the officer described the places to be searched, he stated the 1986 Cadillac “which is parked in the parking lot of the motel.” Therefore, the affidavit should be examined by us with this error corrected; that is, the defendant’s automobile was parked across the parking lot away from the motel room and not behind the building.
The second asserted misrepresentation is the statement that Florida authorities indicated that defendant “has a record sheet involving numerous narcotics violations.” Defendant contends that the affi-ant’s statement misled the issuing magistrate because it suggested prior convictions. We disagree. At the suppression hearing, Officer Faglie verified this statement, and emphasized that the Florida authorities did not inform him of any narcotics conviction on defendant’s record. After examining the affidavit, we do not find that it suggests that defendant had any prior convictions. What the statement does accomplish, for the benefit of the issuing magistrate, is that it demonstrates steps taken by the affiant to determine if the *334 information provided him by the confidential informant was correct. Therefore, the allegation of falsehood as to this statement in the affidavit is not supported by the record.
Defendant’s third asserted misrepresentation is that the affidavit characterized the informant as a “concerned citizen”. Defendant argues that the affiant was intentionally deceiving the neutral magistrate by suggesting the reported criminal activity was provided by a citizen-witness as opposed to "an unnamed denizen of the criminal underworld who habitually witnesses and reports criminal activity to police for pay or some other advantage.” See State v. Morris, 444 So.2d 1200, at 1203 (La.1984).
Louisiana jurisprudence is clear that information provided by a citizen-informer is presumptively more credible than information provided by an unnamed informer such as the one identified in State v. Morris, supra. State v. Mosley, 412 So.2d 527 (La.1982). Although, in the case sub judice the affiant identified the informant as a “concerned citizen”, the affidavit clearly states that this informant was present during a drug transaction in a private motel room. Taking the affidavit as a whole, it is clear that the magistrate was shown that this informant was not an individual who inadvertently witnessed criminal conduct and reported it to the police as a matter of civic duty. Although the characterization of the informant as a “concerned citizen” could be misinterpreted, nevertheless the statement does not constitute a fraud upon the courts. In reviewing the affidavit for probable cause, we shall correct any possible misinterpretation and consider the “concerned citizen” as an anonymous informant.
PROBABLE CAUSE
Defendant contends that the cocaine seized pursuant to the search warrant should have been suppressed because the search warrant was not supported by probable cause. Defendant argues that the informant’s tip was not corroborated by an independent police investigation establishing the veracity, reliability or basis of knowledge of the informant.
A search warrant may issue only upon an affidavit establishing probable cause to the satisfaction of a neutral magistrate. LSA-C.Cr.P. Art. 162; State v. Klar, 400 So.2d 610 (La.1981). Probable cause exists when the facts and circumstances within the affiant’s knowledge, and those of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that evidence or contraband may be found at the place to be searched. State v. Morris, supra at 1202. Normally, the law does not permit a reviewing court to “go outside the four corners of a search warrant affidavit” in reviewing a probable cause determination. State v. Duncan, 420 So.2d 1105, 1108 (La.1982).
If the basis for the existence of probable cause is the tip of an informant, the affiant must articulate the basis for his belief that the informant is trustworthy. Id. at 1108. The affidavit must also indicate the underlying circumstances from which the informant concluded that the drugs were where he said they would be. This may be done by reciting that the informant personally observed the drugs under the circumstances recited. State v. Hernandez, 408 So.2d 911 (La.1981), U.S. cert. denied, 459 U.S. 840, 103 S.Ct. 90, 74 L.Ed. 2d 83 (1982). An allegation of past reliability is not necessarily a sine qua non to sufficiency of probable cause as long as a common sense reading of the affidavit supports the conclusion that the informant is credible and his information is reliable. State v. Clay, 408 So.2d 1295 (La.1982).
A magistrate’s determination of probable cause should be accorded great deference by a reviewing court, and the task of an appellate court is simply to insure that the magistrate had a substantial basis for concluding that probable cause existed. State v. Lewis, 442 So.2d 1159 (La.App. 3rd Cir.1983), writ denied, 444 So.2d 1214 (La.1984). In doubtful cases, the preference of the appellate court should be to uphold validity so as to encourage law enforcement officials to sub *335 mit evidence to a judicial officer before acting. State v. Watson, 423 So.2d 1130 (La.1982), appeal after remand, 449 So.2d 1321 (La.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985).
In the case subjudice, an informant telephoned police and advised them that he witnessed the defendant sell cocaine from a motel room. Furthermore, the informant advised the police of defendant’s race, name, and his home state, as well as a description of his automobile. Simply because the informant is not identified in the affidavit and he has never provided information leading to prior arrests will not preclude a finding of credibility. State v. Westfall, 446 So.2d 1292 (La.App. 2nd Cir.), writ denied, 450 So.2d 957 (La.1984). Specific independent corroboration of the accuracy of the informant’s tip advances the credibility of the informant. State v. Westfall, supra. In the present case, Officer Faglie successfully corroborated the information regarding defendant’s identity, and through independent investigation discovered that he had prior arrests for narcotics violations.
Moreover, the information that cocaine could be found in defendant’s motel room was based on the personal observations of the informant. Where information concerning narcotics is based on personal observation by an informant shown to be reliable, the information is considered reliable. State v. Stephenson, 387 So.2d 1111 (La.1980).
Based on the corrected representations in the supporting affidavit, we conclude that the magistrate signing the search warrant had a substantial basis for concluding probable cause existed that contraband was in defendant’s motel room.
DECREE
For the foregoing reasons, defendant’s conviction is affirmed. Costs of this appeal are assessed to defendant.
AFFIRMED.