JOSEPH E. COREIL, Judge Pro Tem.
This is an appeal by the Department of Public Safety & Corrections, defendant-appellant herein, from the grant of injunctive relief in favor of Richard D. Schultz, plaintiff-appellee. Schultz sought judicial relief of an order of the Department of Public Safety suspending Schultz’s driver’s license for one hundred eighty days for refusing to submit to a chemical test for intoxication. After Schultz’s suspension was affirmed at an administrative hearing, pursuant to La. R.S. 32:667, he sought review of the suspension in the trial court.
After hearing, the trial court granted Schultz a directed verdict, vacating the suspension of his driver’s license on the basis that there was insufficient proof of reasonable cause to stop.
The Department appeals, contending that the trial court erred in finding that they had failed to show that the police officer who arrested Schultz had reasonable cause *963 to stop Schultz’s motor vehicle. We agree and reverse the trial court.
FACTS
Officer Litton, of the Pineville City Police Department, stopped Schultz’s vehicle at approximately 3:00 A.M. on June 10, 1990. Officer Litton testified that the stop was preceded by a call from a reserve officer that Schultz’s vehicle was seen proceeding the wrong way down a one-way street. By the time Officer Litton stopped Schultz’s vehicle, Schultz had turned around and was driving in the correct direction. Officer Litton was able to identify the vehicle due to the reserve officer’s report that Schultz’s vehicle was directly behind the reserve officer’s vehicle, which Officer Litton apparently recognized[1].
The trial court, in granting plaintiff’s request prohibiting the Department from suspending Schultz’s license stated, in his oral reasons for ruling, as follows:
“Okay, as I see the problem with the State’s case is that Officer Litton’s statement or Officer Litton’s referral to hearsay testimony, that is, the testimony of or the statement of Officer Bordelon throught a dispatcher to him, is hearsay and it can be used to establish a cause for what the officer did, but I don’t think it is proof of what was related. I think the person who made that call and was stating that would have to testify to determine, and be available for cross examination, to determine what he actually saw.
Personally I think the burden on this law should be more than the burden on a probable cause to stop. Now, that’s why I asked for that citation because this law is punishing a person before a trial, it is taking away his license before he has been convicted of the offense. It is a harsh remedy, and I think that the law is that the officer must have reasonable grounds to believe that the person had been driving or was in actual physical control of an automobile while under the influence of alcoholic beverages. It is more than just reasonable cause to stop or probable cause to stop. You can stop a person for any reason for a violation of a stop sign law, or speeding, or crossing the center line, and that gives you probable cause to stop a person, and if you find that they are in fact, show signs of intoxication, you can go further, but to deprive a person of his license the law says that he must have reasonable cause to believe that the person is driving under the influence of alcohol. I would think that going the wrong way on a one way street would give you reasonable grounds to believe that there is something wrong there, but to have that related through hearsay, that hearsay testimony is admissible to show the actions of the officer, but not as proof of what actually happened, so we don’t have any proof of what actually, of what the defendant actually did in this case that caused the officer to stop him.
I’m not saying that there wasn’t reasonable probable cause to stop him if it was a case of being tried for DWI, and that may sound contradictary, but for the purpose of suspending his license before he is found guilty of DWI I would say that it has to be a pretty convincing case if the guy was driving while intoxicated, because that is the purpose of the license being suspended.”
[[Image here]]
Essentially, the trial court appears to be saying that a “stop” is only reasonable, for purposes of suspending plaintiff’s driver’s license, if the “stop” is based upon evidence of driving while under the influence of alcohol or for other reasons such as speeding, etc., if the arresting officer is a witness to the offense.
Although we appreciate and sympathize with the rationale of the trial court, we do not find that the trial court’s position is supported by the law and jurisprudence. The scope of Schultz’s hearing before the *964 Department is set forth in La. R.S. 32:668 A, in pertinent part, as follows:
“A. Upon suspending the license or permit to drive ... of any person ..., the Department of Public Safety and Corrections shall immediately notify the person in writing and upon his request shall afford him an opportunity for a hearing in the same manner and under the same conditions as is provided in R.S. 32:414 for notification and hearings in the case of suspension of licenses, except that the scope of such a hearing for the purposes of this Part shall cover the following issues:
(1) Whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of either alcoholic beverages or any abused or illegal controlled dangerous substance as set forth in R.S. 40:964.
(2) Whether the person was placed under arrest.
(3) Whether he was warned by the officer as provided in R.S. 32:661(C).
(4) Whether he voluntarily submitted to an approved chemical test and whether the test resulted in a blood alcohol reading of .10 percent or above by weight of alcohol in the blood.
(5) Whether he refused to submit to the test upon the request of the officer.
(6) Such additional matters as may relate to the reasonableness of a suspension of the license.”
In this case, Schultz was arrested for driving the wrong way on a one-way street, driving with a suspended license, and driving while under the influence of alcohol. Under La. R.S. 32:667 A, when a person is arrested for operating a vehicle while intoxicated and refuses to submit to an approved chemical test, his license will be seized.
Schultz was arrested as a result of an investigatory stop by Officer Litton. The reason for the stop was a reserve officer’s report of plaintiff driving the wrong way on a one-way street. Although there was no testimony regarding Officer Bordelon’s[2] reliability, a citizen informer is presumed credible without the necessity of a specific showing of credibility. As stated by the First Circuit in State v. Richmond, 464 So.2d 430, 435 (La.App. 1 Cir.1985), writ denied, 467 So.2d 535 (La.1985):
“When information is provided by an anonymous person who ‘tips’ police to criminal conduct, there must be some specific showing he is a credible person and his information is reliable. In contrast, citizen informers who are willing to be identified and who purport to have firsthand knowledge carry a high indicia of credibility and reliability in the determination of probable cause. [State vi] Morns, 444 So.2d [1200] at 1203 [(La. 1984) ]; State v. Lehnen, 403 So.2d 683 (La.1981). Therefore, the citizen informer is generally a presumptively inherently credible source, unless circumstances exist to indicate otherwise. Morris, 444 So.2d at 1203; State v. Mosley, 412 So.2d [527] at 530 [ (La.1982) ].”
See also State v. Morris, 444 So.2d 1200 (La.1984).
Insofar as Officer Bordelon is presumed to be credible, his observation supplied Officer Litton with valid reasonable cause for an investigatory stop of Schultz. At trial, Officer Litton testified that upon stopping Schultz, Schultz exited the vehicle and fell against the curve [sic]. His eyes were bloodshot and glassy, and Officer Litton observed that Schultz’s breath had the strong odor of alcohol. At this time Officer Litton read Schultz his Miranda rights and asked Schultz to submit to a field sobriety test, which he refused. Schultz then gave the officer a false name, which was later corrected. Schultz was transferred to the police department and read his rights relating to the chemical test, including the consequences of refusal. Schultz then refused the chemical test.
Pursuant to this evidence, we find that Officer Litton had reasonable cause to *965 stop Schultz for questioning and had reasonable grounds to believe that Schultz had been driving or was in actual physical control of a motor vehicle upon a public highway of this State while under the influence of alcoholic beverages. We find that the trial court erred in requiring a higher burden of reasonable cause to stop for this civil action involving the suspension of a driver’s license than would have been required for a valid warrantless arrest in the criminal action for driving under the influence of alcohol.[3]
CONCLUSION
We reverse the judgment of the trial court and reinstate the suspension of Schultz’s driver’s license, subject to the following condition. Insofar as Schultz has requested a hardship license and no evidence was presented on this issue, the Louisiana Department of Public Safety is prohibited from suspending Schultz’s license until such time as a review and hearing can be held on whether or not any suspension would deprive Schultz and his family of the necessities of life. As such, we remand this ease to the Department of Public Safety & Corrections for an administrative law judge to determine whether Schultz is entitled to restrictive driving privileges under La. R.S. 32:668 B(l).
Costs of this appeal and at the trial level are to be paid by plaintiff-appellee, Richard D. Schultz.
DECREE
REVERSED AND REMANDED.
DOMENGEAUX, C.J., concurs and assigns reasons.

. Reserve Officer Bordelon apparently was not on duty at the time and was merely observing Schultz’s action as a private citizen.

. Reserve Officer Bordelon did not testify at trial.

. For a discussion of the differing burdens of proof and availability of constitutional protection in civil actions versus criminal actions, see State v. Free, 321 So.2d 50 (La.App. 3 Cir.1975), writ denied, 325 So.2d 272 (La.1976); State v. Edwards, 353 So.2d 476 (La.App. 3 Cir.1977); Meyer v. State, Dept. of Public Safety Lie. Con., Etc., 312 So.2d 289 (La.1975); Jaubert v. Department of Public Safety, 323 So.2d 212 (La.App. 4 Cir.1975).