GOTHARD, Judge.
This is a review of a trial court ruling denying defendant’s motion to suppress evidence seized by police officers during a residence search pursuant to a search warrant. The issue is whether the affidavit submitted in support of the search warrant states facts sufficient to establish probable cause for valid issuance. We affirm.
Defendant, Ronda Z. Calderon[1] was charged by Grand Jury Indictment with possession with intent to distribute heroine in violation of LSA-R.S. 40:966 A and with possession of drug paraphernalia in violation of LSA-R.S. 40:1033. At her arraignment, the defendant pled not guilty and filed several motions, including the Motion to Suppress the Evidence at issue in this appeal. After that motion was denied, defendant filed a writ application in this court seeking supervisory relief. That application was denied.[2] After that decision, the defendant withdrew the not guilty plea and entered a plea of guilty to the amended charge of possession of heroine. The District Attorney dismissed count two of the indictment. The plea was tendered pursuant to State v. Crosby, 338 So.2d 584 (La.1976) and the defendant was sentenced to serve four years at hard labor, with credit for time served.
The previous denial of supervisory writs does not bar reconsideration of this issue. A denial of supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and does not bar consideration of the merits of the issue on appeal from the final judgment. State v. Fontenot, 550 So.2d 179 (La.1989).
On appeal, as in the writ application, the defendant asserts that the affidavit used to support the search warrant was defective in that it failed to state sufficient facts to establish probable cause. Further, defendant argues that State v. Morris, 444 So.2d 1200 (La.1984), relied on by this court to deny the writ application, is distinguishable from the instant ease. Defendant argues that there are no material facts which were omitted from the affidavit, and, alternatively, even if there were, probable cause was not established when the additional facts were supplied.
The affidavit sets forth the facts as follows:
On 12/5/92 at approx. 1:19 A.M., members of the Gretna Police Department began an investigation of attempted murder at 614 Richard St., Gretna, LA. Officers learned that six persons had suffered gunshot wounds. Three of the victims required hospitalization and emergency surgery.
As the investigation progressed, officers learned that a 9mm and an AK47 were two of the weapons used and possibly other weapons. Officers also learned that a Negro female Ronda Calderon was in the company of the perpetrators of the shooting. A witness brought officers to the residence of Calderon, 1665 Alexander Ct., Apt. C., Terrytown, LA. Calderon was not *307 at the residence and a surveillance was commenced.
The descriptions of the suspects were obtained as follows: 1. Negro male, 16 to 19 years, 5'7 to 5'9" 170 lbs., short hair, light to medium complexion. 2. Negro male, 20’s, short in height, medium build, bald, red complexion. As the investigation progressed, Det. Davis contacted JPSO Detective Bureau for assistance in obtaining a search warrant for Calderon’s residence. Det. Craig Adam responded to this request and met with Det. Davis.
During the preparation of the search warrant, Ronda Calderon arrived at her residence. Calderon agreed to come to the Gretna Police Complex for an interview. Calderon was read her rights. Calderon named the suspects as Mike and James. She stated she did not know the surnames of Mike or James. Calderon denied any involvement in the shooting.
Calderon stated she arrived at 614 Richard St. with James and Mike, but she did not leave with these subjects. Calderon stated she does not have any firearms at her residence nor does she have the &11 names or other information at her residence to identify Mike and James. Calderon advised she does not know where Mike and James live.
Considering the severity of this investigation, affiant feels that a search warrant for Calderon’s residence be issued in lieu of a consent to search from Calderon.
At the motion to suppress hearing, Detective Davis testified that during his investigation into the shooting, he obtained information from individuals who knew the defendant, that she was the girlfriend of one of the suspects and that she was living with him. Officer Davis testified at a preliminary hearing that he had interviewed one female who had seen the defendant with the gunmen on other occasions. Specifically, he testified:
A. Well, because through the investigation I learned from, first of all, from one individual that she arrived there and was drinking with these two males; from a second individual who told me that she met the two males several months prior while living on Holmes Boulevard and these two males had lived with her on occasion and had gone out with her, on occasion she’d gone out with them. From another female who told me that she was the girlfriend of the person known as Mike, or had been the girlfriend and this person knew her'to live with Mike on Alexander Court. Based on that information I felt that she knew their true identity and I felt that she was withholding information from me; therefore, I decided to book her with accessory.
As a result of the search, the officers found several weapons, ammunition, drugs and a large amount of cash in a box in the master bedroom closet.
A search warrant may issue only upon probable cause established to the satisfaction of a judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. La. Const. Art. I., § 5; La.C.Cr.P. art. 162; State v. Morris, supra; State v. Revere, 572 So.2d 117 (La.App. 1st Cir.1990), writ denied, 581 So.2d 703 (La.1991). Probable cause exists when the facts and circumstances within the affiant’s knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Morris, supra.
In reviewing the magistrate’s finding of probable cause, a court must consider whether the totality of the circumstances enabled the magistrate to make a common sense, practical decision that there was a fair probability that the sought after evidence would be found in the search. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Deal, 578 So.2d 994 (La.App. 4th Cir.1991), writ denied, 580 So.2d 677 (La.1991).
Normally, the law does not permit a reviewing court to go outside the four corners of a search warrant affidavit in reviewing a probable cause determination. State v. Duncan, 420 So.2d 1105 (La.1982). However, where there are inadvertent material omissions, the reviewing court will look to outside evidence to support or destroy a probable cause finding. State v. Morris, supra; State v. Revere, supra.
*308 While the affidavit places defendant in the company of the gunmen immediately prior to the shooting, it does not provide any basis for believing that information concerning the perpetrators or weapons would be found in her apartment. Thus, the warrant on its face appears to be defective. However, considering the outside evidence, in addition to that contained in the warrant, we find no error in the trial court’s finding of probable cause to support the warrant.
Moreover, even assuming some defect in the warrant application is sufficient to invalidate the search warrant, the officers acted in good faith in executing the warrant. Evidence seized during such a “good faith” search is not subject to suppression. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); State v. Martinez, 552 So.2d 1365 (La.App. 5th Cir.1989).
A review of the record for errors patent reveals a typographical error in the hard labor sentencing form. That form indicates that the defendant piead guilty to a violation of LSA-R.S. 40:967, whereas she actually plead guilty to a violation of LSA-R.S. 40:966. Consequently, we order that the form be corrected.
For the foregoing reasons the defendant’s conviction and sentence is affirmed and the hard labor sentencing form is corrected.
AFFIRMED.

. The defendant’s first name is also spelled "Rhonda” in some parts of the record. It appears, however, that the correct spelling is "Ronda” as evidenced by her signature on the waiver of rights form.

. State v. Calderon, No. 93-K-155.