307 So.2d 329 (1975)
STATE of Louisiana
v.
John HAMILTON, Jr.
No. 55260.
Supreme Court of Louisiana.
January 20, 1975.
Rehearing Denied February 21, 1975.
*330 Walter C. Dumas, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Richard E. Chaffin, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Three bills of exceptions are urged to reverse the conviction and sentence of John Hamilton, Jr., for distribution of heroin, La.R.S. 40:966(A), on May 28, 1973.

Bill 1
On September 13, 1973 the defendant filed an application for bill of particulars in which he requested, among other information, the time and place at which the offense was committed. On September 20, 1973, the State served notice upon the defendant that it intended to introduce into evidence, as proof of knowledge and intent on the part of the defendant and to establish the identity of the defendant, evidence that the accused committed two other offenses involving the distribution of heroin on February 7, 1973 and February 9, 1973.
After several continuances granted on the motion of defendant, the case came to trial on December 11, 1973. At this time defense counsel informed the court that the State had not furnished the place where the crime was alleged to have been committed as requested in his application for bill of particulars, other than the advice from the District Attorney that the crime had been committed in the parish of East Baton Rouge.
At this time the Assistant District Attorney advised that the State would try the defendant for an offense which occurred on May 28, 1973 at the parking lot of the Rebel Shopping Center on Florida Street in Baton Rouge. In addition, the State agreed to eliminate any reference at the trial to the similar offenses of February 7 and 9, 1973 referred to in its notice of September 20, 1973.
At this time defense counsel moved for a continuance, asserting that the late answer to the bill of particulars and the elimination of two offenses placed him at a disadvantage in the defense of the case. For, whereas prior to that time he was concerned with investigating three alleged offenses, he was now faced with defending against only one offense, the location of which had just been made known to him.
Aside from the fact that no written motion for continuance appears in the record, verified by defendant or his counsel's affidavit, as required by Article 707 of the Code of Criminal Procedure, there is no merit to the defense position. The defense contention seems to be that when the State asserted that it would make no reference at the trial to the similar offenses of February 7 and 9, 1973, the defendant was entitled to a continuance just as he would have been if the State had amended the bill of information charging the offense under the authority of *331 Article 489 of the Code of Criminal Procedure. Article 489 speaks of amendments to indictments or bills of information and not of answers to bills of particulars or to the withdrawal of the State's intention to introduce evidence of other similar offenses.
"Supplemental bills of particulars or a new bill may be ordered by the court at any time before the trial begins." La. Code Crim.Proc. art. 484. And if it be conceded that the State was late in furnishing the place where the offense was alleged to have been committed, no violation of any rule of law resulted. For, as a matter of fact, "The place of the commission of the offense need not be alleged in the indictment unless the place of commission is essential to the offense." La.Code Crim.Proc. art. 469. For the same reason, defendant had no right to demand that the place of the offense be supplied in answer to the application for bill of particulars, for the place where the offense occurred was not an essential element of the crime, and the defense cannot demand the State's evidence in advance of trial. La.Code Crim.Proc. art. 484.
This bill has no merit.

Bill 3
Officer Charles Spiller is an undercover narcotics investigator. The State was attempting to introduce into evidence an inculpatory telephone conversation Spiller had with the defendant on May 28, 1973, the conversation having been initiated by Spiller from the police narcotics office. The procedure was to press a button and begin recording the conversation on all calls. Several unrelated conversations, therefore, were recorded on the same tape. Defense counsel insisted that the entire tape in which his conversation was recorded be played back and not just the conversation between himself and Spiller.
There is no merit to this contention. Only relevant evidence is admissible, and defense counsel had no right to insist upon the playback of conversations between other parties entirely unconnected with the prosecution or defense in this case. Since the entire conversation between Spiller and the defendant was played back, there has been no violation of the statutory mandate that "Every confession, admission or declaration sought to be used against anyone must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford." La.R.S. 15:450.
This bill also involves a defense objection to permitting the Assistant District Attorney to testify to the custody of the tape recording pending the trial. The objection is based upon this Court's decision in State v. Cox, 246 La. 748, 167 So.2d 352 (1964). The Cox Case, however, involved a defamation of character directly involving the District Attorney himself. Because of this, the District Attorney had a personal interest in the case, for conviction of the accused would amount to a public vindication of the wrong done to him personally.
In the present case the Assistant District Attorney was neither the victim nor otherwise personally involved in the prosecution. He merely testified as to who had custody of the tape pending trial.
None of the grounds for recusation of a District Attorney or his assistants is present in this case, La.Code Crim.Proc. art. 680, and this bill has no merit.

Bill 4
In explaining the terminology used in his conversation with the defendant, Spiller was asked what the reference to "coke" meant. He answered "Coke is cocaine". Defense counsel objected to any reference to cocaine, another prohibited drug, because the defendant was charged with the distribution of heroin. Reference to cocaine transactions by the defendant would therefore constitute another offense. When the objection was overruled, Spiller *332 explained that the reference to "coke" was in connection with the heroin transaction he was negotiating with the defendant. The "coke" was to be used by Spiller as part payment for the heroin he was buying from defendantthe heroin being the subject of this prosecution.
"Merely because relevant evidence bearing upon the question at issue also tends to show the commission of other crimes by the accused does not make such evidence inadmissible. `It is competent for the prosecution to put in evidence all relevant facts and circumstances which tend to establish any of the constituent elements of the crime with which the accused is charged even though such facts and circumstances may prove or tend to prove that the defendant committed other crimes.' State v. Riley, 182 Neb. 300, 154 N.W.2d 741 (1967)." State v. Kinchen, 290 So.2d 860 (La. 1974); State v. Graves, 301 So.2d 864 (La.1974). See also State v. Morgan, 296 So.2d 286 (La.1974).
This bill has no merit.
For the reasons assigned, the conviction and sentence are affirmed.