496 So.2d 1117 (1986)
STATE of Louisiana
v.
Ferdinand SNYDER.
No. KA 4932.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
*1118 Alvin N. Taylor, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., A. Hammond Scott, Asst. Dist. Atty., New Orleans, for appellee.
Before BARRY and CIACCIO, JJ., and PRESTON H. HUFFT, J. Pro Tem.
CIACCIO, Judge.
By bill of information, the district attorney charged defendant with unlawful possession of cocaine. A jury found defendant guilty of attempted possession of cocaine. The court found defendant to be a second felony offender and sentenced defendant under the provisions of La. R.S. 15:529.1 to serve three years at hard labor. Defendant appeals on the basis of two assignments of error. Finding merit in defendant's first assignment of error, we reverse. We pretermit, therefore, discussion of defendant's second assignment of error which challenges the sufficiency of the evidence.
Defendant's first assignment of error concerns his right to have hearings on his pre-trial motions.
At arraignment, defendant pleaded not guilty, and the court granted him until October 26, 1984, to file any special pleadings. On October 26 defendant did not appear in court. The judge ordered defendant's bond forfeited. No special pleadings were filed.
On January 23, 1985, defendant appeared in court with his new attorney. On counsel's motion the court granted until February 11, 1985, to file special pleadings. On February 11, 1985, defendant did not appear in court, and the judge again ordered his bond forfeited. Also on February 11, however, defense counsel appeared and filed the following pre-trial motions: "Motion To Suppress The Evidence", "Motion To Suppress The Identification", and "Motion For Bill of Particulars And Discovery And Inspection."
On February 12, 1985, defendant appeared in court. On February 13, 1985, the judge reset defendant's bail.
*1119 On July 29, 1985, all parties appeared in court to conduct hearings on defendant's pre-trial motions. The prosecutor, however, argued to the court that because "defendant was at large when the motion hearing was to occur", he had "forfeited his right to file and have motions heard in these matters." The State's argument persuaded the judge, who ruled that defendant had forfeited his rights. The court did not conduct a hearing on defendant's motions. Defendant objected to the court's ruling.
We are unaware of any authority to support the trial judge's ruling. The judge gave counsel time within which to file special pleadings. Counsel timely filed all motions. There is no requirement that defendant appear in court when pre-trial motions are filed.[1] Defendant's presence is not even essential to the validity of the hearing of and ruling on the pre-trial motions he filed. La. C.Cr.P. Art. 834. The judge's ruling that defendant, by being "at large", had forfeited his rights, and the consequent decision not to conduct hearings on the timely filed motions were clearly wrong.
Pre-trial procedural errors, however, do not necessarily warrant a reversal of defendant's conviction. Appeals are not granted merely to test the correctness of the trial judge's rulings, but only to rectify any injury caused thereby. State v. Sylvester, 298 So.2d 807 (La.1974). A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused. La. C.Cr.P. Art. 921.
Defendant argues that error occurred, and we agree. To warrant a reversal of defendant's conviction, however, the error must have adversely affected a substantial right of the defendant.
Defendant's motion to suppress the evidence did not allege specific facts that would require the granting of relief. The area on the form motion where the reasons in support of the motion should be written is blank. Vague and general legal conclusions, urged in form motions, are inadequate to require the holding of a hearing. La. C.Cr.P. Art. 703(E); State v. Thomas, 467 So.2d 883 (La.App. 2d Cir.1985).
Further, defendant was afforded ample opportunity at trial to cross-examine the witnesses concerning the seizure of the evidence, and to object to its introduction and admission. Defense counsel cross-examined the witnesses, but voiced no objection to the introduction and the admission of the evidence. Our review of the record reveals that the evidence was constitutionally obtained.
The trial court's failure to conduct a hearing on defendant's motion to suppress the evidence caused defendant no harm.
The circumstances of this case did not warrant filing of defendant's motion to suppress the identification. There was no pre-trial identification procedure. Defendant's identity was not an issue at trial. Suppression of non-existent evidence of an identification of the defendant is meaningless.
The trial court's failure to conduct a hearing on defendant's motion to suppress the identification caused defendant no harm.
Considering the short form of the bill of information filed by the district attorney in this case, defendant was entitled to a bill of particulars. La. C.Cr.P. Art. 484; See State v. Miller, 319 So.2d 339 (La.1975). Likewise, to the extent that the information was discoverable, defendant's requests for discovery and inspection should have been honored. La. C.Cr.P. Art. 716 et seq. Failure to provide defendant with the requested information adversely affected his substantial right to be informed of the nature and cause of the *1120 accusation against him. La. Const. of 1974, Art. 1, Sec. 13.
Details relating to the particulars of the offense must be provided in the bill of particulars so that defendant can discover, well in advance of the trial, the specific facts of the accusation he must meet. He is entitled to "further information, in a proper case, regarding what the State intends to prove, in order that, in fairness, the accused may more properly defend himself." State v. Wright, 254 La. 521, 225 So.2d 201, 203 (1969). If he knows the details of the charge against him, he will avoid being surprised at the trial. State v. Mason, [305 So.2d 523 (La.1974)]; State v. Wright, supra. He will, moreover, have the basis for a plea of former jeopardy in any subsequent prosecutions. And the court will have a guide to regulate the admission of evidence at the trial. State v. Clark, [288 So.2d 612 (La.1974)]; State v. Thomas, 260 La. 784, 257 So.2d 406 (1972).
State v. Miller, 319 So.2d 339, 342 (La. 1975).
The trial judge's error in failing to grant defendant a bill of particulars and conduct a hearing on his motion for discovery and inspection deprived defendant of a substantial right, in fact a right of constitutional dimension. As such, the trial judge's error cannot be deemed harmless, but to the contrary, the gravity of the error requires a reversal of defendant's conviction.
Accordingly, defendant's conviction and sentence are annulled and set aside, and the case is remanded for a new trial in accordance with law and consistent with the views expressed herein.
REVERSED AND REMANDED.
NOTES
[1] Defendant had been subpoenaed to appear. His failure to appear warranted the actions of the trial judge in issuing an alias capias for defendant's arrest and in granting the State's motion for a forfeiture of defendant's bond.