561 So.2d 1004 (1990)
STATE of Louisiana
v.
Cammie ROSS.
No. 89-KA-1117.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1990.
*1006 Harry F. Connick, Dist. Atty., Michele M. Smith, Asst. Dist. Atty., New Orleans, for plaintiff.
Frank G. DeSalvo, Dianne E. Varisco, New Orleans, for defendant.
Before KLEES, WARD and BECKER, JJ.
BECKER, Judge.
On October 7, 1987, the defendant was charged in a two count bill of indictment with distribution of cocaine to a person under eighteen, a violation of R.S. 40:981(A), and distribution of marijuana to a person under eighteen, a violation of R.S. 40:981(C). The defendant after waiving his right to a jury trial, was tried before the trial judge and found guilty as charged on both counts. He was then sentenced to life imprisonment at hard labor on the distribution of cocaine conviction. The sentence was suspended and the defendant placed on five year active probation, to begin when the defendant was released from the Department of Corrections. The defendant was sentenced on the distribution of marijuana conviction to ten years at hard labor, the two sentences to run concurrently.
The defendant has filed an out of time appeal, relying on four assignments of error.
The testimony of Rebecca Pitre at trial revealed that she went to the defendant's house, which was across the street from where she lived with her parents, on numerous occasions beginning when she was fourteen years old and continuing for three years. While she was there, the defendant gave her cocaine and marijuana a "couple of hundred" times.
Tammy Krogh testified that she also went to the defendant's house to use cocaine and marijuana when she was a juvenile. The defendant knew she was a juvenile, and she lived with him for a while in 1985.
Molly Helmstetter testified she had known the defendant since she was four years old because she was friends with his stepchildren. She testified that she smoked marijuana for the first time at defendant's house when she was twelve years old, and she continued to smoke there off and on for two years. She also used cocaine for the first time at defendant's house when she was thirteen years old. She used cocaine there about six times. She stopped going to his house in 1983.
Brandi Taylor, a fourteen year old at the time of trial, testified that in March 1987, she went to the defendant's door to sell cookies for her school. The defendant told her that he would buy her candy if she tried his candy for her nose. He went back inside and returned with a mirror lined with cocaine and pictures of semi-nude young girls. Brandi ran away and told her mother what had happened.
Based upon this information, the police obtained an arrest warrant for the defendant and a search warrant for his house.
*1007 They executed both warrants, arresting the defendant and finding marijuana, cocaine, various drug paraphernalia and numerous pictures of the defendant and young girls using drugs. A review of the record for errors patent reveals none.
ASSIGNMENT OF ERROR NO. 1
The defense contends that the trial court erred in not requiring the State to answer certain questions sought through a bill of particulars filed by the defense.
The record reflects that the bill of indictment charged the defendant in count 1 with distribution of cocaine to a person less than eighteen years of age by a person over twenty five years of age between October 1, 1981 and August 31, 1987. It charged the defendant in count 2 with distribution of marijuana to a person less than eighteen years of age by a person over twenty five years of age between October 1, 1981 and August 31, 1987.
The defendant filed a bill of particulars seeking the State to answer 1) the dates the distributions were made, 2) to whom the distributions were made and 3) where the distributions were made. The State responded to # 1 that several distributions were made between October 1, 1981 and August 31, 1987, but that, to the State's knowledge, the witnesses did not know the exact date and time of each distribution. As to the information sought in questions # 2 and # 3, the State responded that the defense was "not entitled" to this information.
The defense contends that the trial court erred in not ordering the State to fully answer these requests because it resulted in the defendant not being fully informed of the charges against him so that he could adequately prepare a defense.
La. Const. Art. I, § 13 provides that the accused shall be adequately informed of the nature and cause of the accusation against him. Although defendant is not entitled to discover the details of the evidence with which the State expects to prove its charge, a defendant may seek a bill of particulars under C.Cr.P. art. 484 to elicit information from the State regarding the specifics of the crime charged.
Whether the bill is granted depends on "the nature and complexity of the case." State v. Hudnall, 522 So.2d 616, 619 (La. App. 4th Cir.1988). Further, the trial court is vested with wide discretion on determining the sufficiency of the State's answer to bills of particular. State v. Atkins, 360 So.2d 1341 (La.1978), cert. den., 441 U.S. 927, 99 S.Ct. 2041, 60 L.Ed.2d 402 (1979).
C.Cr.P. art. 468 governs when the indictment must contain the exact dates and times of the offenses. It provides:
Art. 468. Date and time
The date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense.
If the date or time is not essential to the offense, an indictment shall not be held insufficient if it does not state the proper date or time, or if it states the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day.
All allegations of the indictment and bill of particulars shall be considered as referring to the same date or time, unless otherwise stated.
This court recently interpreted C.Cr.P. art. 468 in State v. Hudnall, supra, to determine whether the State had sufficiently answered a bill of particulars regarding the dates upon which six counts of malfeasance in office, violations of R.S. 14:134(2) and (3), occurred. The State responded to the bill that the acts had occurred between August 1982 and August 1984. This court held that these time ranges were specific enough to allow the defendant to adequately prepare his defense since he was not surprised at trial by the State by dates withheld until trial.
In this case, the victims could not name specific dates and times when the defendant distributed cocaine and marijuana to them. They could, however, and did give time frames in which the distributions occurred. These time frames fell within the time frame set forth in the bill of indictment. Consequently, the defendant was *1008 not surprised by the testimony at trial. The trial court therefore did not err by failing to require the State to answer the bill of particulars more specifically regarding the exact dates when the crimes allegedly occurred.
The defense also contends that the trial court erred in not requiring the State to specify where the alleged crimes occurred. C.Cr.P. art. 469 governs this issue. It provides:
Art. 469. Venue and place
It is not necessary to state any venue in the body of the indictment, but the state, parish, or other jurisdiction where the indictment is filed shall be taken to be the venue for the offense charged in the indictment.
The place of the commission of the offense need not be alleged in the indictment unless the place of commission is essential to the offense. All allegations in the indictment and bill of particulars shall be considered as referring to the same place, unless stated otherwise.
The Supreme Court in State v. Hamilton, 307 So.2d 329 (La.1975), considered whether the defendant charged with distribution of heroin was entitled under C.Cr.P. art. 469 to discover through a bill of particulars where the alleged distribution occurred. The Court found that the defense was not entitled to this information because the place where the offense occurred was not an essential element of the crime. The Hamilton decision thus governs this case which also involves a distribution of drugs charged. Therefore, the trial court did not err in failing to require the State to reveal to the defense where the distribution allegedly occurred.
The defense also contends that the trial court erred in failing to require the State to reveal in its response to the bill of particulars the names of the individuals to whom the defendant allegedly distributed drugs.
C.Cr.P. art. 473 provides:
Art. 473. Identification of victim
When the name of the person injured is substantial and not merely descriptive, such as when the injury is to the person, as in murder, rape, or battery, the indictment shall state the true name of the victim or the name, appellation, or nickname by which he is known. If the name, appellation, or nickname of the victim is not known, it is sufficient to so state and to describe him as far as possible. In stating any name of a victim it is sufficient to state surname, a surname and one or more given names, or a surname and one or more abbreviations or initials of a given name of names.
The defense cites no authority which would render C.Cr.P. art. 473 applicable to the crime alleged in this case nor could any be found. Moreover, the record contains a witness list listing the names and addresses of the juveniles. Undoubtedly, the defense was aware of the juveniles' names, as pre trial, defense counsel filed subpoenas decus tecum for the juvenile record of each of these state witnesses. Under these circumstances, the trial court did not err in not requiring the State to reveal the names of the victims.
Therefore, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
The defense contends that the trial court erred in failing to suppress evidence seized and statements made during the execution of the search warrant because the affidavits upon which the State relied to obtain its arrest and search warrants were based upon information insufficient to establish probable cause for the arrest and search. It contends that the affidavits were deficient because they did not set forth sufficient details to provide the magistrate with a factual basis to find the "informants" reliable and because the State failed to provide material information which, if provided, would have resulted in a finding of no probable cause.
A review of the affidavit reveals that Officers Peralta and Weicks were the affiants and that the information contained in the affidavit was based upon interviews both officers had with Brandi Taylor and Rebecca Pitre. Brandi Taylor, a juvenile, *1009 told the officers that the defendant had offered her cocaine when she went to his house to sell cookies for her school. Rebecca Pitre told them that she had known the defendant for years and that, while she was a juvenile, he had given cocaine and marijuana to her on numerous occasions.
The defense contends that because the affidavit is based upon the hearsay testimony of Brandi Taylor and Rebecca Pitre, the State must set out sufficient details establishing the informants' reliability and because the State has not done so, the warrant was improperly issued. This analysis is incorrect.
A search warrant cannot be issued absent a finding by the judge, based upon the affidavit of a credible person, of probable cause. La. Const. Art. I § 5; C.Cr.P. Art. 162. Probable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonable trustworthy information, are sufficient to support a reasonable feeling that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Morris, 444 So.2d 1200 (La.1984). A search warrant should be assessed in a common sense and realistic manner without technical requirements of elaborate specificity. State v. Durand, 461 So.2d 1090 (La.App. 4th Cir.1984). Doubtful or marginal cases should be resolved with a preference for warrants. State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir.1988).
The Court in Morris, supra, distinguished between an "informant" who is a member of the criminal community and an informant who is the witness or victim of a crime.
The Court stated:
While anyone who gives information to police may be called an "informant", a distinction may be drawn between an unnamed denizen of the criminal underworld who habitually witnesses and reports criminal activity to police for pay or some other advantage and the citizen who witnesses or is the victim of criminal conduct and reports to police as a matter of civic duty. 1W. LaFave, Search and Seizure, A Treatise of the Fourth amendment, § 3.3 p. 499-500 (1978). When the informant is an anonymous person who routinely "tips" police to criminal conduct it is critical that there be some specific showing that he is a credible person and that his information is reliable. In contrast, citizen informant reports based on firsthand knowledge carry a high indicia of credibility in the determination of probable cause. State v. Lehnen, supra, [403 So.2d 683] at 685 n. 3 [1981]. U.S. v. Darensbourg, 520 F.2d 985 (5th Cir.1975). The citizen informer is a presumptively inherently credible source. State v. Mosley, 412 So.2d 527, 530 (La.1982).
In this case, the informants are a victim and a "would-be" victim of the crime; thus under Morris their testimony is presumed to be credible.
Moreover, the examples cited by defendant as deficiencies in the affidavit, involve tangential issues which are irrelevant to making the "probable cause" determination. Affidavits must be read in a common sense and realistic manner, and the magistrate's judgment as to probable cause should be based on a reading of the entire affidavit. State v. Schaeffer, 414 So.2d 730 (La.1982). Appellant attempts to question the reliability of both the affidavits and the informants named in the application. However, appellant has failed to show that the affiant officers were not in good faith in their representations to the magistrate. Further, it is well settled that the credibility of the affiant's informant may not be attacked on a motion to suppress. State v. Williams, 366 So.2d 1369 (La.1978); State v. Tassin, 343 So.2d 681 (La.1977).
While it is true that some of the statements in the affidavits are assumptions, what is important is that Rebecca Pitre, one of the informants stated to the officers that the defendant distributed narcotics to her as a juvenile and Brandi Taylor, another informant, stated Ross attempted to distribute drugs to her as a juvenile.
*1010 The defense also contends that the affidavit is defective because the State "failed to supply material information." The information allegedly material which the State failed to supply is 1) although defendant had been arrested numerous times, all of the charges had been either refused or dismissed, 2) Brandi Taylor's stepfather had been arrested for setting fire to the defendant's property and 3) the affidavit does not supply Rebecca Pitre's criminal record. The defendant does not claim that the State had access to this information and intentionally failed to include it, just that the information was not supplied by the State.
Generally, an appellate court may not go outside the four corners of the affidavit in reviewing the lower court's ruling on probable cause. However, when there are inadvertent material omissions, the appellate court may look to outside evidence and consider it in reviewing the probable cause determination. Morris, supra; Roebuck, supra.
The first "inadvertent omission", that defendant's prior charges were dropped is irrelevant in determining whether probable cause exists for the instant offense. The second "inadvertent omission", that Brandi Taylor's stepfather had been arrested for setting fire to defendant's property, may go toward proving or disproving the reliability of her testimony; however, even if her testimony is not considered, probable cause still exists based upon what Rebecca Pitre told the police.
The third "inadvertent omission" is Rebecca Pitre's criminal record. The defense does not state what her criminal record is.
The fact that a person has engaged in criminal conduct does not rebut the presumption, that the first hand information given by the witness or victim to a crime has a high indicia of reliability and that the information is credible. A prior conviction does not suggest unreliability if it is unrelated to the crime at issue or if there is no apparent hidden motive for reporting the criminal activity. Morris, supra. The defense has not demonstrated what Rebecca Pitre's prior record is or how it might affect her reliability.
Therefore, for the above reasons, this assignment of error is also without merit.

ASSIGNMENT OF ERROR NO. 3
The defense contends that the trial court erred in allowing photographs seized from defendant's home into evidence.
The defendant concedes that under State v. Kilpatrick, 443 So.2d 546 (La.1983), and State v. Ford, 489 So.2d 1250 (La.1986), photographs that shed any light on any fact or issue are admissible at trial unless their prejudicial effect outweighs their probative value. He contends, however, that the photographs are irrelevant, because they show nothing more than that the defendant used narcotics.
The State introduced numerous photographs at trial depicting the defendant and some of the minors to whom he distributed drugs in fact using drugs. The pictures were taken at the defendant's house and were identified by the witnesses. Certainly they corroborate the minors' testimony. Consequently, the trial court did not err in allowing the photographs to be admitted into evidence.

ASSIGNMENT OF ERROR NO. 4
The defendant contends that his conviction should be reversed because he received ineffective assistance of counsel. He relies upon the assertion that counsel failed to discuss the case with him and that trial counsel failed to adequately investigate his case.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed by an application for post conviction relief, filed initially in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Reed, 483 So.2d 1278 (La.App. 4th Cir.1986). Only, if the record discloses sufficient evidence to rule on the merits of the claim, do the interests of judicial economy justify consideration of the issues on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. *1011 Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App. 4th Cir. 1986); State v. Landry, 499 So.2d 1320 (La.App. 4th Cir.1986).
In this case, the record does not disclose enough evidence to rule on the merits of defendant's ineffective assistance claim. Consequently, defendant should raise this issue via an application for post-conviction relief.
Defendant's convictions and sentences are hereby affirmed.
AFFIRMED.