PLOTKIN, Judge.
WRIT GRANTED:
We grant the State’s writ of certiorari application and reverse and vacate the defendant’s guilty plea.
Defendant, Irvin White, was charged by bill of information on December 27, 1990, with Third Offense Operating a Vehicle while Intoxicated, a violation of LSA-R.S. 14:98(D).
The defendant filed a Bill of Particulars and a Motion for Discovery and Inspection. The trial court ordered the State to furnish the defendant with colloquies of defendant’s two previous pleas of guilty to the DWI charges. Additionally the defendant filed a “Motion to Quash,” alleging that the bill of information “does not conform to the requirements as established by law.”
The State failed to comply with the Court order of production relative to the two pri- or DWI’s.
Thereafter the trial court granted defendant’s motion to quash in part, and stated
... so the court feels it has no alternative but to grant the defendant’s motion to quash insofar as it applies to the two (2) incidents that the Court ordered the State to supply defense with the documents on. Therefore, the Court does quash the Bill of Information as a third offender. The Court believes, under Article 729.5, it does not have the authority to order complete dismissal but the Court, for the failure to comply, will view this now as a first offense D.W.I. (Tr. 4).
The trial court then accepted defendant’s guilty plea as a first DWI offender, to the amended bill of information and sentenced the defendant to serve six (6) months active probation, thirty-two (32) hours of community service participation in a substance abuse program and pay a fine of $200.
The trial court does not have the authority to dismiss or amend the bill of information when a party fails to comply with discovery orders in a criminal case. LSA-C.Cr.P. art. 729.5(A) provides the trial court with the following options when noncompliance with discovery occurs:
The court may: (1) order such party to permit the discovery or inspection; (2) grant a continuance; (3) order a mistrial on motion of the defendant; (4) prohibit a party from introducing into evidence the subject matter not disclosed; or, (5) enter such order, other than dismissal, as may be appropriate.
This list of sanctions, which may be imposed, does not include the legal power to dismiss or amend the bill of information.
The grounds for quashing a bill of information are set forth in LSA-C.Cr.P. art. 532 and 534. None of these grounds exist or apply to the present case.
Accordingly, the trial court erred by judicially amending the bill of information and accepting the defendant’s guilty plea to the amended bill.
The case is remanded for further proceedings, including the trial court’s right to issue correct sanctions against the State for its failure to comply with the court *850 ordered discovery. The original bill of information is reinstated.