| iPLOTKIN, Judge,
dissenting.
Code of Criminal Procedure article 834 grants a defendant the right to be present at a motion to suppress hearing. See La. C.Cr.P. art. 834; see also State v. Snyder, 496 So.2d 1117, 1119 (La.App. 4th Cir.1986). This right may be waived by the defendant’s voluntary absence or by his attorney’s failure to object to argument or discussion in the defendant’s absence. State v. Kahey, 436 So.2d 475, 483 (La.1983). Because appellant’s absence was involuntary, and because his attorney did not effectively waive appellant’s right to be present, I respectfully dissent.
On July 30, 1993, appellant pleaded not guilty and made three motions to suppress, which were set for hearing on January 7, 1994. At the time of the January hearing, appellant remained in custody and was not transported to the hearing by the sheriff. In State v. Lewis, 531 So.2d 1169,1170 (La.App. 4th Cir.1988), this Court held that a defen *109 dant’s ear trouble did not amount to a voluntary absence. A fortiori, appellant, who was incarcerated, did not voluntarily waive his right to attend the hearing.
At the hearing, defense counsel, apparently in response to the State’s misleading and inaccurate statement that “no motions lie,” withdrew the motions to suppress. Appellant alleges that defense counsel was unprepared for the hearing, unaware of the factual basis of the motions, and did not have a copy of the police report. According to appellant, defense counsel withdrew the motions because of a misstatement of fact made by the State. If the defendant had been Rpresent, he could have informed his counsel of the inaccuracy of the State’s claim. Moreover, any unauthorized waiver of a defendant’s right to be present at a motion to suppress hearing presents a strong possibility that the defendant received ineffective assistance of counsel.
Neither appellant’s actions nor the actions of defense counsel amounted to a voluntary waiver of appellant’s right to be present at the motion to suppress hearing. The evidence whose admissibility was to be contested in this hearing was used at trial to convict the appellant. Accordingly, I would grant the defendant a new trial.