hMURRAY, Judge.
In September 1995, Monica Ricks was charged by bill of information with one count of distribution of cocaine. In count two of the same bill, Ms. Ricks and Charles Barrow were each charged with one count of possession of more than 400 grams of cocaine. On February 25,1997, the district court quashed this second count because the State failed to comply with its orders to provide the defense with additional information. The State now appeals; we reverse.
FACTS AND PROCEEDINGS BELOW
There is no testimony about the offense in the record. The only facts are found in the police report which states:
On 6-14-95 Monica Ricks and Charle [sic] Barrow were placed under arrest pursuant to a D.E.A. investigation where Ricks sold 1 ounce of crack cocaine to a confidential informant and negotiated for the further purchase of one kilogram of cocaine.
Charles Barrow was arrested in the company of Ricks during a reverse D.E.A. undercover operation. Ricks was armed with a 9-mm semiautomatic during the commission of the drug transaction.
Charles Barrow remained at large until early in 1997, but Monica Ricks was arraigned on October 10,1995 and pled not guilty to both charges. On December 1, 1995, the court ordered the State to respond by December 15th to Ms. Ricks’ motions for a bill of particulars and for disclosure of the identity and whereabouts of the D.E.A. informants). After several continuances were granted to the State bou these motions, defense counsel provided additional copies of his motions to the prosecutor on March 1, 1996. During the subsequent months, Ms. Ricks supplemented her motions to obtain additional information regarding the D.E.A. investigation as well as the informant(s) who had participated in the alleged drug transactions. Hearings on the motions, as supplemented, were repeatedly continued. While the record contains the State’s responses to some of the defense motions, there is no indication of when these were filed.
On October 30, 1996, Ms. Ricks’ attorney made an oral motion to quash the bill of information. The court denied the motion, but ordered the State to comply with a defense “request for records.” After two more continuances, the defense submitted another motion specifically requesting further information concerning the D.E.A. informant(s). On January 21, 1997, the prosecutor advised that he was unable to provide the information, so he was ordered to supply written proof of his request to the D.E.A. by January 27th. On January 28,1997, the State advised that it had not obtained the requested information because the D.E.A. agent was out of town. The matter was again continued.
On February 25, 1997, the assistant district attorney assigned to the case was unable to attend court. His substitute was informed that the State had been ordered to either furnish the additional information about the informants) or file a memorandum “setting forth why it was they weren’t responsible to do that.” The following discussion ensued:
D.A.: Your honor, I will state for the record, if Mr, Gillie was supposed to supply the defense, as well as the Court, with a memorandum of law concerning the discovery and has not done so, I would just request additional time for him to do so. If he has not filed that into the record —•
The Court: That was today, additional time was today.
Defense: At this time, your honor, if the Court would allow me to excuse myself, I will go prepare a motion to quash on this particular count....
[¡The Court: We don’t think you need to leave and go and prepare that. We think the Court has the power to issue its order to effectuate that which it has previously ordered [the State] to *265 do and we are certainly empowered to sanction when there has not been a compliance with that. Accordingly, count two in case number 378-636 is quashed.
Later that same day, the trial court signed the order granting Ms. Ricks’ written motion to quash, which stated it was based upon the State’s failure “to furnish a sufficient Bill of Particulars when ordered to do so by the Court.” Although reference was made during the hearing to information necessary to impeach the informant(s) at trial, the record does not indicate precisely what information the State had been ordered to provide.
On March 21, 1997, Ms. Ricks pled guilty to count one of the bill of information, distribution of cocaine, and was subsequently sentenced on that charge. Mr. Barrow, who had been arrested and arraigned in February 1997, eventually filed his own written motion to quash count two of the bill of information. The court granted this motion, lowered Mr. Barrow’s bond, and ordered him released from jail.
ARGUMENTS AND DISCUSSION
In this appeal, the State argues that the trial court improperly granted the motion to quash as a sanction for the prosecutor’s failure to comply with a defense discovery request. It contends that such action violates Article 729.5 A of the Code of Criminal Procedure, which states:
If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate. [Emphasis added.]
The State further argues that the trial court erred by granting an oral motion to Squash in view of Article 536’s express requirement of a written motion.
Ms. Ricks[1] counters that the motion to quash was properly granted under Article 532(4) of the Code of Criminal Procedure, which provides such a remedy when the State has “failed to furnish a sufficient bill of particulars when ordered to do so by the court.” Viewed in this light, it is immaterial that a written motion was not filed until after the hearing, because Article 485 allows the court to quash an information on its own motion.
In criminal prosecutions, “an accused shall be informed of the nature and cause of the accusation against him.” La. Const, art. I, § 13. The bill of particulars provided for in Article 484 of the Code of Criminal Procedure is a means by which a defendant is so informed. State v. DeJesus, 94-0261, p. 3 (La.9/16/94), 642 So.2d 854, 855. While the bill of particulars is not a means for the defendant to obtain the State’s evidence, it should inform him of the essential facts of the crime charged. Id. Therefore, if the trial court determines that the bill of information and/or bill of particulars is insufficient, it may quash the charges. La.Code Crim. Proc. Ann. art. 485; DeJesus, supra. An appellate court reviews such a ruling for abuse of discretion. State v. Atkins, 360 So.2d 1341, 1344 (La.1978), cert. denied, 441 U.S. 927, 99 S.Ct. 2041, 60 L.Ed.2d 402 (1979); State v. Ross, 561 So.2d 1004, 1007 (La.App. 4th Cir.1990), writ denied in part, not considered in part, 594 So.2d 885 (La.1992).
In the instant case, the conduct at issue is described in the arrest report as that Ms. Ricks “negotiated for the further purchase of one kilogram of cocaine.” In contrast, count two of the bill of information charges that on June 14,1995, Ms. Ricks and Mr. Barrow “did wilfully and unlawfully possess a controlled dangerous substance, to wit: COCAINE in the amount of 400 grams or more or of a mixture ^containing a detectable ■amount of cocaine or of its analogues....,” *266 which substantially tracks the language of La. R.S. §40:967 F(l)(e). Under these circumstances, the defense was entitled to a bill of particulars to clarify the factual basis for count two. State v. Miller; 319 So.2d 339, 342 (La.1975); State v. Snyder, 496 So.2d 1117, 1119-20 (La.App. 4th Cir.1986).
The record demonstrates, however, that the State filed a response to Ms. Ricks’ motion for a bill of particulars, furnishing her with the date, time and location of the alleged transaction as well as a listing of the evidence seized, with the chemical analysis reports attached. In addition, the State agreed to furnish copies of videotape(s) of the purported criminal act and to permit defense counsel’s review of the seized evidence when convenient. Furthermore, in response to Ms. Ricks’ supplemental requests, three individuals were named as informants in the case, and limited information concerning D.E.A. compensation was provided. However, the State responded with “not entitled” or “not to the State’s knowledge” to some questions of a similar nature.
With this supplementation to the bill of information, we find the State furnished sufficient factual details to adequately inform the defense of the nature and cause of the accusation. State v. Ross, 561 So.2d at 1007-08. Therefore, if the district court quashed count two based upon an insufficiency of the bill of particulars, as Ms. Ricks contends, the record demonstrates that the court abused its discretion in doing so. Accordingly, Criminal Procedure articles 485 and 532(4) do not support the judgment at issue here.
Instead, it appears that the motion to quash was granted, as the State argues, because it had failed to comply with certain discovery orders. Although Article 729.5 of the Code of Criminal Procedure gives the district court broad authority to fashion a remedy for noncompliance with such orders, dismissal of the charge isjsexpressly excluded from the available remedies. State v. White, 590 So.2d 848 (La.App. 4th Cir.1991). Therefore, the judgment quashing count two of the bill of information is reversed and vacated, and the matter is remanded for further proceedings, which may include appropriate sanctions for the State’s failure to furnish additional information to Ms. Ricks’ counsel, as previously ordered.
JUDGMENT REVERSED; COUNT TWO REINSTATED AS TO BOTH DEFENDANTS; MATTER REMANDED.

. Mr. Barrow obtained his release from jail on the grounds that the sole charge against him, that in count two, had been quashed. While the record establishes that his counsel was aware of the State’s appeal of the action, no brief was filed on Mr. Barrow's behalf.