STATE OF LOUISIANA      *      NO. 2024-K-0024

VERSUS      *

     **COURT OF APPEAL**

JOSEPH SCOTT      *

     **FOURTH CIRCUIT**

     *

     **STATE OF LOUISIANA**

* * * * * * *

APPLICATION FOR WRITS EXPEDITED CONSIDERATION DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 559-344, SECTION "DIVISION G"
Judge Nandi Campbell
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase,
Judge Dale N. Atkins)

Jason Rogers Williams
District Attorney
Patrick Doell
Patricia Amos
Assistant District Attorneys
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR THE STATE OF LOUISIANA/RELATOR

Addie Maguire
ORLEANS PUBLIC DEFENDERS
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119

     COUNSEL FOR DEFENDANT/RESPONDENT

                     **WRIT GRANTED; REVERSED**

                     **JANUARY 22, 2024**

JCL

TGC

DNA

Relator, the State of Louisiana, seeks expedited review of the district court's December 15, 2023 ruling granting the motion to suppress identification filed by Defendant-Respondent, Joseph Scott  ("Defendant"). For the reasons that follow, we grant the writ and reverse the district court's ruling suppressing the identification.

The State called Detective John Huntington to testify at the motions hearing. Detective Huntington related the facts uncovered in his investigation of the armed robbery at issue in this case, including the development of Defendant as a suspect. A photo array was prepared, which included a photograph of Defendant. Since the victim had returned to her home out of state by the time Defendant was developed as a suspect, the identification procedure was conducted by email. The identification procedure was conducted by Detective Alyssa Van Lew, who was not involved in the investigation of this case. The victim identified Defendant as the perpetrator of the robbery.

The defense filed omnibus motions at the arraignment, which included the following request to suppress any identification of Defendant:

1

Identifications: Suppression of any out-of-court identifications, and of subsequent in-court identifications, is requested pursuant to the Due Process prohibition against introducing identifications that are unnecessarily suggestive and conducive to misidentification, *Manson v. Brathwaite*, 432 U.S. 98, 112 (1977), and against introducing the tainted fruit of such identifications; pursuant to the Sixth Amendment right to counsel and its analogue in Article I, § 13 of the Louisiana Constitution of 1974; and as the fruit of violations of the Fourth Amendment to the U.S. Constitution and Article I, § 5 of the state constitution.

The defense subsequently filed a motion to suppress identification, which alleged as follows:

1. Mr. Scott moves to suppress the identification procedures conducted in this case on the following grounds:

a. The identification is not reliable because it is the product of an unnecessarily suggestive identification procedure. *Wade v. United States*, 388 U.S. 218 (1967); *Manson v. Brathwaite*, 432 U.S. 98, (1977).

2. Before an in-court identification can be made of the Accused by a witness, the court must first determine whether the police used an impermissibly suggestive procedure in obtaining the out-of-court identification; and if so, whether, under all the circumstances, that suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. *See Wade v. United States*, 388 U.S. 218 (1967); *Manson v. Brathwaite*, 432 U.S. 98, (1977).

The State first asserts that Defendant's motion to suppress identification consisted entirely of boilerplate language and failed to allege specific facts that would require the granting of relief in this case. Thus, the State argues, Defendant's pleading was insufficient and a hearing should never have been held to determine the issue.

Louisiana Code of Criminal Procedure article 703(E)(1) provides in pertinent part that an "evidentiary hearing on a motion to suppress shall be held only when the defendant alleges facts that would require the granting of relief." We have noted that "[v]ague and general legal conclusions, urged in form motions, are inadequate to require the holding of a hearing." *State v. Snyder*, 496 So.2d 1117, 1119 (La. App. 4th Cir. 1986) (citing La. C.Cr.P. Art. 703(E)(1); *State v. Thomas,* 467 So.2d 883, 883 (La. App. 2d Cir.1985)). Here, Defendant's motion to suppress identification did not allege specific facts that would require the granting of relief and thus failed to comply with the pleading requirements of La. C.Cr.P. art. 703(1).

The argument in its writ application is the first instance the State has complained about the sufficiency of the allegations in the motion to suppress identification. No written objection to the sufficiency of Defendant's motion was placed in the record, nor was an answer to the motion filed. Likewise, at the hearing on the motion to suppress identification, the assistant district attorney representing the State said nothing about a lack of factual allegations in the motion and allowed the hearing to go forward without objection. Accordingly, the State failed to preserve the objection as to the sufficiency of the motion to suppress identification for appellate review. *See* La. C.Cr.P. art. 841.

The State next asserts that Defendant failed to meet his burden of proof with respect to the motion to suppress. This contention has merit.

A district court's ruling on a motion to suppress identification is reviewed for abuse of discretion. *State v. Bickham*, 404 So.2d 929, 934 (La. 1981); *see also State v. Briley*, 13-1421, p. 15 (La. App. 4 Cir. 10/1/14), 151 So.3d 633, 643. Generally, the defendant has the burden of proof on a motion to suppress an out-of-

court identification. *See* La. C.Cr.P. art. 703(D). A defendant who seeks to suppress an identification must prove both that the identification itself was suggestive and that there was a likelihood of misidentification as a result of the identification procedure. *State v. Prudholm*, 446 So.2d 729, 738 (La. 1984). An identification procedure is suggestive if, during the procedure, the witness's attention is unduly focused on the defendant. *State v. Higgins*, 03-1980, p. 19 (La. 4/1/05), 898 So.2d 1219, 1232-33. Even if an identification is considered suggestive, this alone does not violate due process, for it is the likelihood of misidentification which violates due process, not merely the suggestive identification procedure. *Id.*, 03-1980, p. 19, 898 So.2d at 1233.

Courts look to several factors to determine, from the totality of the circumstances, if the suggestive identification presents a substantial likelihood of misidentification. These factors include: (1) the opportunity of the witness to view the defendant at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the defendant; (4) the level of certainty demonstrated at the confrontation; and (5) the time between the crime and the confrontation. *Manson v. Brathwaite*, 432 U.S. 98, 114-15, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977).

In the case *sub judice*, Defendant offered no evidence that the victim's out-of-court identification was suggestive and that there was a likelihood of misidentification as a result of the identification procedure. Defendant did not present the testimony of Detective Van Lew, who conducted the lineup, nor did Defendant introduce into evidence the photographic lineup presented to the victim or the emails exchanged between Detective Van Lew and the victim during the identification procedure.

In its *per curiam*, the district court offered the following explanation for granting the motion to suppress identification:

> This court suppressed the identification procedure because it found that the identification procedure was suggestive and that there is a substantial likelihood that the procedure led to a misidentification. Specifically, this court is concerned by the failure of Detective Huntington to confirm that the identification complied with NOPD procedures, the failure of detectives to record their conversations with the complainant before the procedure was conducted, and the failure of NOPD to record the actual line-up procedure.

The motion sought suppression of the identification on the basis that "[t]he identification is not reliable because it is the product of an unnecessarily suggestive identification procedure." No mention is made in the motion of the NOPD procedures regarding identifications by out-of-town witnesses or that these procedures were not followed. Whether department policy was followed was beyond the scope of the motion to suppress identification. Further, the State was not put on notice that it might have to prove that NOPD procedures were complied with in defending the motion to suppress. Compliance with NOPD procedures was not brought up until the defense's cross-examination of Detective Huntington. Had the State received notice that the defense intended to raise non-compliance with NOPD procedures regarding identifications made by out-of-town witnesses, it could have subpoenaed Detective Van Lew and any other officer who witnessed the identification procedure to testify at the hearing.

We find that Defendant failed to prove that the identification procedure was suggestive and that there is a substantial likelihood that the procedure led to a misidentification.

**CONCLUSION**

For the reasons aforementioned, we find that the district court erred when it granted Defendant's motion to suppress identification. Accordingly, the State's writ is granted, and the judgment of the district court is reversed.

**WRIT GRANTED; REVERSED**