J2FITZSIMMONS, Judge.
James L. Hagen, III filed a petition in district court seeking judicial review of an administrative ruling which suspended his driving privileges for failure to submit to a chemical test under La.R.S. 32:661. After conducting a trial de novo, the 32nd Judicial District court for the Parish of Terrebonne, the Honorable John T. Pettigrew, vacated the order of suspension and reinstated Mr. Hagen’s driving privileges. The transcript of the administrative proceedings were not introduced into the record of the district court. The Department of Public Safety and Corrections is presently seeking review of the district court’s judgment by way of this appeal.
MOTION TO STRIKE
Prior to addressing the merits of the case, this court must rule on the motion to strike portions of the appellate record filed on behalf of Department of Public Safety and Corrections (Appellant). In this motion, the Department states that pages 33 through 78 of the appellate record represent a transcript of the proceedings held before the Administrative Hearing Officer on March 17, 1993. The Department contends that the transcript was not introduced into the record at the trial and consequently should not be included in the record which was prepared for purposes of this appeal. Mr. Hagen, (Appellee) submits that the transcript was not introduced into the record at trial but contends that the Department was ordered to provide a transcript of the hearing to the trial court and to file the transcript into the record.
The Supreme court has mandated that review of an administrative hearing pursuant to La.R.S. 32:668 be held by trial de novo, rather than a mere review of the administrative record. Flynn v. Dept, of Public Safety & Corr., 608 So.2d 994 (La.1992). At a trial de novo of an administrative proceeding, the reviewing court is not limited to the record of the agency; it is free to make its own factual findings, exercise its own discretion and substitute its judgment for that of the administrative agency. _[Matter of Am. Waste & Pollution Control, 597 So.2d 1125 (La.App. 1st Cir.1992), writs denied, 604 So.2d 1309 and 1318 (La.1992). Since a trial de novo is not a review but actually a new trial, encompassing the calling of witnesses, and the taking of evidence, then it would follow that any evidence which was not introduced at the trial should not become part of the record. However, in this instance, the trial court ordered the Department of Public Safety to file into the record a transcript of the proceedings held by the Administrative Hearing Officer. Had that order been complied with, the transcript would have been made part of the record prior to trial. The Motion to Strike is denied.
FACTS
On January 21, 1993, Appellee (Mr. Ha-gen) met some friends at the Seabreeze Restaurant in Houma, Louisiana. After socializing for approximately one and one-half hours, and consuming three to five beers, Mr. Ha-gen left the restaurant and proceeded north towards Houma on Grand Caillou Road. While driving on Grand Caillou Road, Mr. *602 Hagen stopped at Burger King. He was observed by Sgt. E.A. Callahan, Jr. coming-out of the drive-through area. Mr. Hagen failed to yield as he entered Grand Caillou Road. Mr. Hagen denied that he failed to yield as he exited the Burger King lot, and was not cited by Sgt. Callahan for this alleged violation. Sgt. Callahan also observed Mr. Hagen drive through a red light at the intersection of Grand Caillou Road and Prospect Street. Mr. Hagen stated that the light had “changed” as he was driving through it. Shortly thereafter, Sgt. Callahan stopped Mr. Hagen and asked to see Mi-. Hagen’s driver’s license.
Sgt. Callahan testified that he smelled a strong odor of alcohol on Mr. Hagen’s breath when he first stopped him. He then requested Mr. Hagen submit to a field sobriety test. In administering the test, Sgt. Callahan first testified that when Mr. Hagen walked to the rear of the vehicle, his balance was unsteady and he placed his hand on the side of his vehicle. Mr. Hagen failed to follow the instructions for the heel-toe walk, for the ABC recitation, and for the one-legged stand. Sgt. Callahan | concluded that Mr. Hagen failed the field sobriety test and arrested him.
Mr. Hagen refused to submit to a chemical breath test and consequently his driving-privileges were suspended as mandated by La.R.S. 32:668. Mr. Hagen timely requested an administrative hearing, after which the Administrative Agency upheld the Department’s suspension. The trial court held a complete de novo hearing and concluded that Mr. Hagen had performed sufficiently on the field sobriety test and that he should not have been arrested. The trial court reversed the decision of the Administrative Hearing Officer and ordered the State of Louisiana to reinstate Mr. Hagen’s driving privileges.
ERROR OF FACT
At the conclusion of the trial the trial court took the matter under advisement and ruled by way of minute entry, dated September 1,1993, that Mr. Hagen’s performance of the field sobriety tests were sufficient, and that Sgt. Callahan did not have cause to arrest Mr. Hagen for driving while intoxicated. Our review of the testimony and the jurisprudence leads us to conclude that the trial court erred on this point.
The record reveals, and the trial court found, that Sgt. Callahan had reasonable grounds to stop Mr. Hagen for driving-through a red light. After stopping Mr. Hagen, Sgt. Callahan testified that he smelled a strong odor of alcohol on Mr. Ha-gen’s breath. Mr. Hagen was “unsteady as he walked towards me and placed his hand on the side of his vehicle.” Additionally, Mr. Hagen failed to follow his instructions on the ABC recitation test, in not stopping at the letter “M” as requested. Further, Mr. Ha-gen did not count out loud in the heel-toe walk and stood on one foot for only two counts, rather than thirty counts as requested.
Mr. Hagen testified by his own admission that he had consumed three to five beers in one and one-half hours immediately prior to being stopped by Sgt. Callahan. Although Mr. Hagen denied having run through the red light, he admitted that it “changed” as he was proceeding through it. Mr. Hagen testified that he recalled | ^performing only two field sobriety tests, whereas Sgt. Callahan testified that Mr. Hagen failed to perform three field sobriety tests adequately.
According to Sgt. Callahan, he stopped Mr. Hagen, not for DWI, but for the failure to stop at a red traffic signal, a violation which the officer witnessed. As Sgt. Callahan had just witnessed a violation of the law, he was justified in stopping Mr. Hagen under La. C.Cr.P. art. 215.1(A), which states:
“A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.”
It was only after his lawful stop of Mr. Hagen that Sgt. Callahan observed the physical signs which lead him to suspect that Mr. Hagen was intoxicated.
La.R.S. 32:661(A)(2) relating to DWI chemical testing provides in pertinent part:
*603 “The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages.” (Emphasis added).
In the instant case, the law enforcement officer noticed a strong odor of alcohol and observed Mr. Hagen walking unsteadily and in need of support. Mr. Hagen, when asked to perform three specific tasks, was unable to complete them. These observations have been held to meet the “reasonable grounds” standard. See Carmouche v. Dept, of Public Safety, 618 So.2d 1220, 1222-23 (La.App. 5th Cir.1993); Schultz v. Dept, of Public Safety & Corr., 606 So.2d 962, 964-65 (La.App. 3d Cir.1992); State v. Arnold 593 So.2d 1293, 1296-97 (La.App. 1st Cir.1991), stay denied and ivrit denied, 594 So.2d 1305 (La.1992). Simply because Mr. Hagen was not convicted of the offense of driving while intoxicated, does not indicated that there were insufficient grounds for Sgt. Callahan to request that Mr. Hagen submit to a chemical test.
Based on the testimony, we conclude Sgt. Callahan had reasonable grounds to believe Mr. Hagen was driving while 16intoxicated. Accordingly, the trial court erred in reversing the judgment of the Administrative Hearing Officer.
COSTS
The Department contends that the trial court erred in ordering the Department to pay costs, citing La.R.S. 13:5112(A). As we are reversing the trial court and assessing costs against the Appellee, we need not address this issue.
For these reasons, the judgment of the trial court is reversed; the ruling of the Administrative Hearing Officer, affirming the suspension of Mr. Hagen’s driving privileges, is reinstated. The matter is remanded for proceedings consistent with this opinion. All costs of these proceedings are to be borne by Appellee.
REVERSED. JUDGMENT OF THE ADMINISTRATIVE HEARING OFFICER IS REINSTATED. REMANDED.