McCLENDON, J.,
dissenting.
1,1 agree with the majority to the extent it concludes that Act 559 is procedural in nature as it relates to the form of the proceedings at DAL suspension hearings. However, I disagree with the majority’s conclusion that the procedural amendment was a substantive change as applied to Mr. Michel and violative of Mr. Michel’s due process rights.
The procedure by which rights may be enforced and wrongs remedied is subject to state regulation and control, and no one has a vested right to any given mode of procedure, provided constitutional requirements of due process (due notice and opportunity to be heard) are observed. Hamilton v. Louisiana Health & Human Resources Administration, 341 So.2d 1190, 1193 (La.App. 1 Cir.1977), writ refused. 344 So.2d 4 (La.1977). Due process is flexible and calls for such procedural protections as the particular situation demands. Fields v. State, Dep’t of Pub. Safety and Corrections, 98-0611 (La.7/8/98), 714 So.2d 1244, 1250 (citing Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972)). It is well established that “ ‘due process,’ unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances.” Fields, 714 So.2d at 1250 (citing Cafeteria & Restaurant Workers v. McElroy, 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961)). Procedural due process, in its application to the field of administrative law, is generally regarded as being of greater flexibility than in its applicability and relevancy before a strictly judicial | {tribunal. Hamilton, 341 So.2d at 1193; Bell v. Dep’t of Health and Human Resources, 483 So.2d 945, 950 (La.1986), certiorari denied. 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 55 (1986).
The majority errs in finding that a retroactive application of Act 599 prevented Mr. Michel from subpoenaing, confronting, and cross-examining the primary witness against him. Although the administrative hearing under LSA-R.S. 32:668 was limited by Act 559, the legislature did not deny Mr. Michel his right to subpoena the arresting officer, but rather delayed it until the district court proceedings. Specifically, as noted by the majority, if there is an adverse finding by the DAL, Mr. Michel has a right to a trial de novo in the district court. See Hagen v. State, Dep’t of Public Safety and Corrections, 94-0577 (La.App. 1 Cir. 3/3/95), 652 So.2d 600, 601. Since the trial de novo is not a review but actually a new trial, Mr. Michel can subpoena relevant witnesses, including law enforcement officers, and can present any additional relevant evidence. See Hagen, 652 So.2d at 601. Therefore, retroactively applying the procedural amendment did not divest Mr. Michel of any substantive right insofar as Mr. Michel had no vested right to any given mode of procedure in the administrative context and his right to subpoena the arresting officer has not been legislatively removed, but merely delayed.[1] Accordingly, I would reverse the district court’s judgment granting Mr. Mi *665 chel’s request for injunctive relief. Therefore, I respectfully dissent.

. The result would be different if the district court’s review was limited to the administrative record.