STATE OF LOUISIANA                    NO. 23-KH-165

VERSUS                                FIFTH CIRCUIT

RONDA CALDERON                        COURT OF APPEAL

                                      STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

                        May 24, 2023

                      Linda Wiseman
                      First Deputy Clerk

**IN RE** RONDA CALDERON
_____

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE SHAYNA BEEVERS MORVANT, DIVISION "M", NUMBER 92-6726
_____

              Panel composed of Judges Fredericka Homberg Wicker,
                  Robert A. Chaisson, and Stephen J. Windhorst

### WRIT GRANTED; MATTER REMANDED

Relator, Ronda Calderon, seeks review of the district court's denial of her application for *in forma pauperis* status. For the reasons that follow, we grant relator's writ application and remand the matter for further proceedings.

In April of 1993, relator pled guilty to possession of heroin, in violation of La. R.S. 40:966, and was thereafter sentenced to four years imprisonment at hard labor. On December 28, 1993, this Court affirmed relator's conviction and sentence, and the Louisiana Supreme Court denied relator's writ application. *State v. Calderon*, 630 So.2d 305 (La. App 5th Cir. 1993), *writ denied*, 94-1862 (La. 12/9/94), 647 So.2d 1106.

Relator is now attempting to expunge the record of this criminal conviction. On September 6, 2022, in furtherance of this objective, relator filed an *in forma pauperis* affidavit and supporting documentation requesting to proceed *in forma pauperis* pursuant to La. C.C.P. art. 5181 *et seq*. On September 20, 2022, the district court denied relator's *in forma pauperis* application, finding that relator "has not provided any evidence demonstrating that she is unable to pay the court costs because of her poverty and lack of means."

On December 5, 2022, relator filed a motion for rehearing and submitted a revised *in forma pauperis* affidavit along with supporting documents addressing the concerns raised by the district court in its September 20, 2022 ruling. The district court granted relator's motion and set the matter for hearing on February 16, 2023. On February 28, 2023, the district court issued a written order and reasons, in which it denied relator's revised *in forma pauperis* application,

23-KH-165

stating: "Petitioner has not made a proper showing that she is entitled to forma pauperis status because she has again failed to submit specific documentation proving that she cannot afford to pay the costs associated with a request for expungement."

Relator now contends that the district court abused its discretion in denying her application for *in forma pauperis* status. We agree.

A trial court is afforded wide discretion in determining whether or not to grant the privilege to litigate *in forma pauperis*. In the absence of a clear abuse of that discretion, an appellate court does not disturb the trial court's finding. *Benjamin v. National Super Markets, Inc.*, 351 So.2d 138, 142 (La. 1977), *writ denied*, 366 So.2d 561 (La. 1979). In determining a litigant's qualification to proceed as an indigent, the courts have taken a realistic view as to the litigant's actual ability to advance or secure court costs out of net income available for that purpose, after payment of reasonable living expenses and debts, and in view of encumbered property other than a modest family residence. In order to fulfill the purpose of the privilege of enabling indigent individuals to assert their claims in court, the jurisprudence has liberally construed the privilege. *Id.* at 140-41.

In the present case, relator submitted a revised *in forma pauperis* affidavit, stating that she was fifty-two years old, single, and had five dependents under the age of eighteen living with her. She stated that she was employed as a caseworker with Family Solutions of Louisiana and earned approximately $1,048.00 per month in gross income. In her affidavit, relator also indicated that she received $215.00 in food stamp assistance each month, that she owed approximately $71,000.00 on her mortgage and $24,952.89 on her car, and that she had monthly expenses of approximately $5,568.12, which included a house note, car note, car insurance, water, food, life insurance, day care, and other items. Attached to her affidavit, relator provided documentation showing that she was behind in both her car and house payments, that her water bill was past due, that she was approved for food stamp assistance in the amount of $215.00 per month, effective July 1, 2022, and that she was recently approved for six months of mortgage assistance through the Louisiana Homeowner Assistance Fund. Relator also produced her earnings statement from Family Solutions of Louisiana, showing her gross pay amounted to $576.80 for a two-week period. In addition, relator provided a third party affidavit, signed by Kaylee Harris, who declared that she knew relator "well," and that because of relator's "poverty and want of means," she was unable to pay the costs of court in advance or as they accrued.

In its order and reasons denying relator's application for *in forma pauperis* status, the district court acknowledged the documentation submitted by relator showing that she receives public assistance benefits and that her income is less than or equal to 125% of the federal poverty line. The district court then stated:

> However, Ms. Calderon is requesting indigent status when she owns a home and vehicle. Not only does mover have a vehicle, it is a vehicle which by all standards is considered a luxury vehicle. Additionally, this Court has serious concerns with Ms. Calderon's valuation of her assets and monthly expenses.

After considering the intended liberal application of the status, we find that the district court abused its discretion in denying relator's request for *in forma*

*pauperis* status in this matter.[1]  As acknowledged by the district court, relator presented documentation showing that she received public assistance benefits in the form of food and mortgage assistance and that her income was less than or equal to 125% of the federal poverty line.  Thus, relator was entitled to the presumption of indigent status, as set forth La. C.C.P. art. 5183 (B)(2), which reads as follows:

> The submission by the applicant of supporting documentation that the applicant is receiving public assistance benefits or that the applicant's income is less than or equal to one hundred twenty-five percent of the federal poverty level shall create a rebuttable presumption that the applicant is entitled to the privilege granted in this Chapter.  If the court finds that the presumption has been rebutted, it shall provide written reasons for its finding.

As suggested in its reasons for denying relator's application, the district court apparently found that relator's ownership of a home and luxury vehicle, a 2017 Lexus, rebutted the statutory presumption of indigence relator was entitled to under La. C.C.P. art. 5183(B)(2), despite the fact that relator was in arrears with regard to her mortgage and car note.  We find that the district court's reliance on relator's ownership of a home and vehicle does not constitute sufficient grounds for rebutting relator's presumed indigence.[2] *See State v. Benjamin*, 351 So.2d at 141.  Further, while the district court expressed doubt on relator's valuations of her assets and monthly expenses, there was no evidence presented at the hearing to rebut relator's assertion that she is currently indigent and unable to pay court costs.  *See State v. Young*, 22-454 (La. App. 5 Cir. 10/14/22), 2022 WL 7935147 (unpublished writ disposition).

Accordingly, in the interest of justice, we grant relator's writ application and remand the matter for further proceedings.

Gretna, Louisiana, this 24th day of May, 2023.

**RAC**
**FHW**

---

[1] Relator apparently filed an *in forma pauperis* application in what she describes as a "related case" for which she sought expungement in the 24th Judicial District Court (case number 02-5452).  According to relator, in that case, which is in a different section of court, the district court granted relator's *in forma pauperis* application.

[2] In its reasons denying relator's *in forma pauperis* status, the district court noted that relator's "income is based on a twenty-hour work week, and not full time employment of forty hours per week."  However, in relator's motion for rehearing, she explained that as a caseworker, her "pay is variable and unpredictable" because she "only gets paid on an hourly basis and only as client needs demand."

STATE OF LOUISIANA                           NO. 23-KH-165

VERSUS                                       FIFTH CIRCUIT

RONDA CALDERON                               COURT OF APPEAL

                                             STATE OF LOUISIANA

**WINDHORST, J., DISSENTS WITH REASONS**

I respectfully dissent, and would deny this writ. Considering the claims made by relator, the specific reasons for denial given by the trial judge, and the broad discretion afforded the trial court, I see no abuse of discretion by the trial judge.

Pauper status, or the ability to litigate without prior payment of costs is a privilege, not a right, and one seeking to take advantage of this privilege must clearly be entitled to it, must apply for permission to do so, and must submit specific documentation. Lepine v. Lepine, 17-45 (La. App. 5 Cir. 6/15/17), 223 So.3d 666, 672. The trial court is afforded wide discretion in determining whether to grant the privilege to litigate *in forma pauperis*, and its determination is reviewed for an abuse of that discretion. Id.; Ainsworth v. Ainsworth, 03-1626 (La. App. 4 Cir. 10/22/03), 860 So.2d 104, 108, writ denied, 03-2964 (La. 1/9/04), 862 So.2d 995.

Further, this does not involve indigent counsel for trial; it involve costs, which are paid by the vast majority of even indigent criminal defendants. Relator's application is pursuant to La. C.C.P. arts. 5181 and 5183, civil provisions.

In this case, the trial judge has assessed pauper status, and I do not find that she exceeded her wide discretion, or abused it.

**SJW**

23-KH-165

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **05/24/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

**23-KH-165**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Shayna Beevers Morvant (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Laura Anne Reeds (Relator)
Attorney at Law
Justice & Accountanbility Center of
Louisiana
4035 Washington Avenue
Suite 203
New Orleans, LA 70125

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Laura Anne Reeds
Attorney at Law
4035 Washington Avenue
Suite 203
New Orleans, LA 70125
23-KH-165                    05-24-23

9590 9402 2434 6249 3633 21

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6861

A. Signature
X _____     □ Agent
                        □ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
SEAN KLINE                          5/26/23

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:         □ No

4035 WASHINGTON AVE
NEW ORLEANS LA 70125

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
☑ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ ...il
□ ...il Restricted Delivery

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt